Elliott v. Frakes.

---

No. 10,303.

## ELLIOTT v. FRAKES.

CHAMPERTY.—*Conveyance.*—*Tenants in Common.*—*Adverse Possession.*—The possession of a tenant in common, claiming the whole by virtue of a conveyance of the whole to him by warranty deed, will not make champertous a conveyance by other tenants in common of their undivided shares.

SAME.—*Real Estate, Action to Recover.*—*Answer.*—In a suit for possession of lands, and to quiet title, the defendant answered that when the plaintiff took conveyance the defendant was in possession, under a deed of the premises, with full covenants, by virtue of which he was claiming the lands.

*Held,* that the answer was bad for failure to aver that the defendant entered, believing in good faith that he had title.

DECEDENTS' ESTATES.—*Sale of Land by Administrator.—Widow's Right.*—A sale of the whole of a tract of land to make assets, by an administrator of a husband, in pursuance of an order of court, the same person being also administrator of the widow, who survived her husband, passes no title to the share which the widow took as such upon her husband's death.

From the Howard Circuit Court.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellant.

*M. Bell* and *W. C. Purdum,* for appellee.

HAMMOND, J.—Action by the appellant against the appellee to recover possession of, and to quiet her title, to one-sixth of eighty acres of land in Howard county.

The appellant's claim of title, as set out in her amended complaint, was derived by deed July 6th, 1876, from Isaac Sipe. Said Sipe derived his title to one-sixth of the land as a devisee of Elizabeth Sipe, who died testate February 19th, 1856. Said Elizabeth, at the time of her death, owned one-third of the eighty acres of land in controversy, as the widow of John Sipe, who died September 20th, 1854.

The appellant's demurrer to the third and fourth paragraphs of the appellee's answer was overruled. To this she excepted, and assigns the same as error in this court. In these paragraphs of answer, the appellee sought to avoid the conveyance from Isaac Sipe to the appellant, on the ground that the appellee, at the time of such conveyance, was in adverse possession under color and claim of title. His claim of title, as more particularly set forth in the third paragraph of his answer, was based upon a warranty deed for the whole eighty acres made to him by one Frederick Zilliox, in 1864. Said Zilliox purchased the land of the administrator of John Sipe, deceased, at an administrator's sale under an order of the proper court. The case has been in this court before. *Elliott* v. *Frakes,* 71 Ind. 412. On the return of the case to the court below, the appellant's co-plaintiff, Martin Sipe, in the amended complaint, disappeared from the record. It was held in the

reported case, that the third paragraph of the appellee's answer was insufficient, for the reason that the court, ordering the administrator of John Sipe to sell the eighty acres, had no power to order the sale of more than two-thirds of it, and hence that such sale did not convey the interest in the land claimed by the appellant, as the grantee of Isaac Sipe, who, by the widow's will, held the one-half interest, which, at the death of John Sipe, went to said widow. The third paragraph of the appellee's present answer is the same as his third paragraph of answer, as it appears in the reported case, except, as it now comes before us in the record, it contains the additional averment that at the time Isaac Sipe conveyed to the appellant, the appellee was in the exclusive possession of the land, claiming title under his deed from Zilliox, adverse to the title of the appellant's grantor, the said Isaac Sipe.

Until the law upon the subject of a grantee under one out of possession recovering against one holding adverse possession was changed by section 1073, R. S. 1881, it was held that the conveyance in such case was void as against the person having the adverse possession. But in *Patterson* v. *Nixon,* 79 Ind. 251, this court decided that this ancient rule of the common law did not apply to a conveyance of a tenant in common; that the possession of one tenant in common was, constructively, the possession of all; and that there could, therefore, be no such adverse possession by any such tenant as would render void the deed of his cotenant. The facts alleged in the appellant's amended complaint, and in the third paragraph of the appellee's answer, show that the appellant's grantor and the appellee, at the time of the conveyance under which the appellant claims title, were tenants in common. Under the decision in *Patterson* v. *Nixon, supra,* the conveyance by Isaac Sipe to the appellant was valid, not only between the parties thereto, but also as to the appellee, notwithstanding his claim of adverse possession.

The fourth paragraph of the appellee's answer was as follows:

"And for 4th paragraph and further answer to the plaintiff's complaint, the defendant says that the plaintiff is not the real party in interest; that as against the defendant no title was conveyed by Isaac Sipe to the plaintiff as alleged in the complaint, and that the said Isaac Sipe is the real party in interest; that at the time of said alleged conveyance, on the 6th of July, 1876, the plaintiff having no other right or title therein, the defendant was in the exclusive possession of said one-sixth of said land described in the complaint, under a warranty deed duly recorded, and claimed to be the owner thereof, and in right to the possession of the same as against the said Isaac Sipe, Mary Elliott, the plaintiff, and all the world."

This paragraph was insufficient. It does not state from whom the appellee received the warranty deed; whether the person who made it had or claimed any title, nor whether the appellee's claim of title under such deed was in good faith.

In *Moore* v. *Worley*, 24 Ind. 81, it is said: "To constitute a *possession adverse*, so as to bar a recovery, or to *avoid a deed* subsequently executed by the true owner, the party setting up the possession must, in making his entry upon the land, act *bona fide*. He must rely on his title; he must believe the land to be his, and that he has title thereto, although his title may not be rightful or valid."

The appellant's demurrer should have been sustained to the third and fourth paragraphs of the answer.

The appellee, in his cross assignment of errors, questions the rulings of the court below in overruling his demurrer to the appellant's amended complaint and in sustaining the appellant's demurrer to the second paragraph of his answer.

No objection is pointed out to the amended complaint, and none occurs to us. The demurrer thereto was properly overruled.

The second paragraph of the appellee's answer states facts showing that after the death of John Sipe, and also after the death of his widow, Henry A. Brouse was appointed administrator of the former and executor of the latter; that he

filed, in the proper court, petitions to sell the real estate of each decedent, and, as the administrator of John Sipe, obtained an order of court to sell the whole of the eighty acres in controversy, and sold and conveyed the same, as such administrator, to Frederick Zilliox, who afterwards conveyed to the appellee.

The facts stated do not show a sale by Brouse, except as administrator of John Sipe. No sale is averred to have been made by him as executor of said Sipe's widow. There is nothing, therefore, in the paragraph of answer under consideration, showing that the appellee owns any of the interest in the land which was held by the widow at her death. The sale by Brouse, as administrator of John Sipe, did not, as was settled in the former decision of this case, convey the widow's interest in the land. The demurrer was properly sustained to the second paragraph of the answer.

Judgment reversed, with instructions to the court below to sustain the appellant's demurrer to the third and fourth paragraphs of the appellee's answer, and for further proceedings in accordance with this opinion.