Filed May 13, 1885.

No. 12,136.

## FRAKES v. ELLIOTT.

REAL ESTATE, ACTION TO RECOVER.—*Tenants in Common.—Eviction.— Undivided Interest.—Right to Recover.*—One tenant in common who is wrongfully evicted by a cotenant may maintain an action of ejectment to recover his undivided share of the land.

SAME.—*Statute of Limitations.*—In actions for the recovery of the possession of real estate, the statutory limitation is twenty years.

From the Howard Circuit Court.

*M. Bell* and *W. C. Purdum,* for appellant.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellee.

ELLIOTT, J.—This case is here for the third time. When first here the principal points decided were: 1st. That one tenant in common may sue his cotenant for his undivided share of the land. 2d. A widow's interest can not be sold upon an administrator's petition for an order to sell land for the payment of the husband's debts, and that the order of the court assuming to direct the sale of the widow's interest was void because the court had no jurisdiction to make the order. *Elliott* v. *Frakes,* 71 Ind. 412. When the case was here the second time, the main points presented for decision and decided were: 1st. The possession of a tenant in common claiming the whole land will not make champertous a conveyance by the other tenant. 2d. An answer setting up an adverse possession must aver that the party entered in good faith, believing that he had a good title, otherwise he could not defeat a deed made by the true owner. *Elliott* v. *Frakes,* 90 Ind. 389. As these points were essential to the judgment delivered, and were considered and decided, they must be treated as constituting the law of the case. If the points had been merely incidental ones, not necessary to a decision of the case, and not decided, it would be otherwise. We accept, and incorporate in our decision, without further discussion, the rules declared in the previous decisions, and devote our attention to the questions which were not presented on the former appeals.

The amended complaint of the appellee alleges that on the 20th day of September, 1854, John Sipe died intestate, the owner in fee of eighty acres of land; that he left surviving him his widow. Elizabeth Sipe; that on the 19th day of February, 1856, Elizabeth Sipe died testate, the owner of an undivided one-third of the land of which John Sipe died seized;

that by her will she devised the land to one Isaac Sipe, from whom the appellee bought an undivided one-sixth part, in July, 1876; that Frakes holds possession of the land and denies the plaintiff's right to possession. The prayer of the complaint is for possession of the one undivided sixth part of the land.

The amended second paragraph of the answer admits the allegations of the complaint, and alleges, by way of avoidance, that the appellee paid the merely nominal consideration of one dollar for the land, and received a quitclaim deed; that on the 20th day of April, 1857, the administrator of the estate of John Sipe, deceased, filed a petition to sell the land for the payment of the debts of the intestate; that due notices were given, an order of sale obtained, the land sold and bought by Frederick Zelloix on the 5th day of December, 1857, who at once entered into possession; that he held possession until February, 1864, when the defendant bought the land and paid therefor two thousand dollars; that the defendant obtained a warranty deed, and has since its execution held possession of the land; that no claim was made thereto by Elizabeth Sipe, Isaac Sipe, or the plaintiff, until this action was instituted on the 9th day of September, 1877. It is further alleged that the purchase by Zelloix and the purchase by the defendant were made in good faith and without notice of any claim of those through whom the plaintiff's title is derived; that "more than fifteen years had elapsed since plaintiff's cause of action accrued, and prior to the commencement of this suit; and that for more than eight years next before the bringing of this suit said Isaac Sipe and the plaintiff were over the age of twenty-one years, and under no legal disabilities." There is no difference between the first and second paragraphs of the answer, and we need not give any time to the latter paragraph.

It is obvious that the only question presented by this answer, and not decided in the previous decisions, is that of the

statute of limitations. The parties have made no question as to the form of the pleading, and we shall make none.

The action is for the recovery of real property, and is not a suit for partition. The allegations are such as make the complaint sufficient in an action of ejectment, for it is alleged that the plaintiff had the title in fee, and also had the right of possession; that the defendant has wrongfully ousted her from the possession of the whole land, and is wrongfully in possession, asserting ownership to the exclusion of the plaintiff. It was decided in this case when it was first here, as we have seen, that one tenant in common may maintain an action to recover possession of an undivided part of the land from a cotenant who wrongfully excludes him from possession. Here the tenant in possession claimed under a deed embracing the whole interest in the land, was in actual possession under that deed, and did deny the plaintiff's title. The case is fully within the rule laid down by our own decisions. *Chesround* v. *Cunningham*, 3 Blackf. 82; *Doe* v. *Abernathy*, 7 Blackf. 442; *Nelson* v. *Davis*, 35 Ind. 474; *Bethell* v. *McCool*, 46 Ind. 303. The action is one for the recovery of the possession of real estate, and these cases govern it.

Counsel for the appellee in a very lengthy brief criticise some of the decisions of this court in which it was held that the fifteen year statute applies to suits to quiet title. The criticism was entirely unnecessary, and it is, perhaps, not improper to remark, entirely unsupported by reason or authority. The only question in the case is what statute applies to actions to recover real estate, and the counsel by whom, as it is recited, the brief was dictated, seems to have lost sight of the real character of his client's case. It is not a suit to quiet title, nor a suit for partition, but it is an action to recover possession of real estate. The great number of cases cited by the counsel have no bearing whatever upon the case as presented by the record, for the case presented by the record is that of an action to recover possession of real estate There

can be no doubt that the fifteen year statute does not apply to such a case.

The third paragraph of the answer does not present any question not decided by this and the former decisions. *Nutter* v. *Hawkins*, 93 Ind. 260, was a suit for partition, and not an action for the recovery of real estate, and the decision in that case does not govern here, for the statute, in explicit terms, provides that actions for the recovery of the possession of real estate may be brought within twenty years after the cause of action accrues. In the case cited the distinction between suits for partition and actions to recover the possession of real estate is expressly recognized, *vide* opinion, p. 265.

In the case before us the answer admits all the material facts stated in the complaint, and attempts to avoid the recovery sought, that of the possession of real estate, by interposing the statute of limitations. It is perfectly clear that the plea of the statute can not be good unless it pleads the lapse of time prescribed, and as the time prescribed is twenty years, and the answer pleads fifteen, it is logically impossible that it can be deemed sufficient.

Judgment affirmed.

