# CHARLESTON.

McKittrick *et al. v.* McKittrick *et al.*

Submitted January 16, 1897—Decided March 17, 1897.

1. EQUITY PRACTICE—*Consolidation of Causes—Parties.*

    The consolidation of causes is a matter addressed to the sound discretion of the court that tries the causes. Where the parties are the same, and separate suits have been brought in equity upon matters which might have been united in one suit, and the defense is the same in all, a consolidation rule ought to be granted. (p. 123.)

2. ADMINISTRATION—*Decree of Sale—Dower.*

    When the widow is defendant in a suit brought to subject the realty of a decedent to the payment of his debts, and she has not elected to take the value of her dower in money, her dower should be assigned before an out and out sale of the realty is decreed. (p. 124.)

Appeal from Circuit Court, Putnam county.

Bill by Ellen McDonald and others against Catherine McKittrick and others, and bill by Daniel McKittrick against Catherine McKittrick and others. The suits were consolidated, and from the decree Ellen McDonald and others appeal.

*Reversed.*

Rufus Switzer for appellants.

Tomlinson & Wiley for appellees.

English, President:

At the December rules, 1884, Ellen McDonald and others filed their bill in the Circuit Court of Putnam county, against Catherine McKittrick in her own right and as administratrix of Patrick McKittrick, deceased, and all the unknown heirs of said Patrick McKittrick, C. A. Vantroux, and Rufus Switzer, trustee. The complainants allege in their bill: That Catherine McKittrick was duly appointed and qualified as administratrix of said Patrick McKittrick, her deceased husband. That the greater part of the estate of which the said Patrick McKittrick died seized consists of a valuable tract of land consisting of three hundred and twenty acres, situate in Putnam county, West Virginia, conveyed to said Patrick McKittrick by Thomas Dawkins by deed bearing date the 18th day of May, 1857, excepting a fractional piece thereof, conveyed by said Patrick McKittrick to Bishop John McKain, of Wheeling. That there were no debts against the said estate of Patrick McKittrick except one note of five hundred and twenty-two dollars and seventy-three cents, due C. A. Vintroux, and secured by deed of trust bearing date the 14th day of March, 1883, and of record in the clerk's office of the county court of Putnam county, West Virginia, in which trust deed Rufus Switzer was trustee; and a certified copy of said trust deed was exhibited with plaintiff's bill. That there were other trust deeds conveying said lands by said Patrick McKittrick in his life-time, which plaintffs allege they are informed have been fully paid up. The one of Patrick McKittrick and wife to James W. Hoge, trustee, to secure to William E. Vintroux two hundred and twenty-one dollars and seventy-two cents, should be released, as the same debt is included in the amount secured in the trust first mentioned. That the amount secured by deed of trust to William A. Bradford, trustee, for William Henson, has long since been paid and discharged, and should be released. And complainants pray that enough of said land be sold to satisfy the debt secured by the deed of

trust of said Patrick McKittrick and wife to Rufus Switzer, trustee; that the dower of said Catherine McKittrick, widow, as aforesaid, might be laid off to her in said land, and that, if there were any other debts due from said estate, enough of the remainder of said tract be sold to pay said debts; and that if, after setting aside said dower and paying all of the indebtedness of said estate, the remainder of said land is susceptible of partition among the parties thereto, the same be so partitioned, and, if not, that the remainder of said land be sold, and the proceeds distributed among the parties in proportion to their respective interests therein, *etc*.

At the January rules, 1885, Daniel McKittrick, who sued on behalf of himself and all other creditors of Patrick McKittrick, deceased, filed his bill in said circuit court against Catherine McKittrick in her own right and as administratrix of Patrick McKittrick, deceased; C. A. Vintroux in her own right and as administratrix of William T. Vintroux, deceased; Taylor Hoge, administrator of J. W. Hoge, trustee, deceased; Rufus Switzer, trustee; L. A. Christie, administrator of William Henson, deceased; William A. Bradford, trustee; and the unknown heirs at law of Patrick McKittrick, deceased,—alleging therein : The death of Patrick McKittrick, and the appointment and qualification of said Catherine McKittrick as his administratrix. That more than six months had elapsed since the appointment and qualification of said administratrix, and that, although the estate was and is largely in debt, no suit had ever been instituted by said administratrix for the purpose of winding up and settling up said estate, and to sell said real estate belonging to said estate to pay the debts on said estate. That said Patrick McKittrick left no personal estate, but that he died seized and possessed in fee of said tract of three hundred and twenty acres near Scott depot, on the Chesapeake & Ohio Railway, in Putnam county, less a lot one hundred and sixty-two by two hundred and eight and three-fourth feet conveyed out of said tract by said Patrick to Bishop John McKain, of Wheeling, by deed dated April 29, 1876, as a site for a Catholic church ; and setting forth the trust liens upon the same as stated in the other bill, and also stating which of said trust liens had been paid off and discharged, and also

stating that the estate of said Patrick McKittrick was indebted to the plaintiff, Daniel McKittrick, as follows: On account of a certain note made and executed by said Patrick in his lifetime, dated November 12, 1874, and payable to plaintiff two years after date, for the sum of two hundred dollars, with interest from the maturity thereof; and on account of a certain other note made and executed by said Patrick in his lifetime, bearing date November 1, 1876, and payable to plaintiff one year after date, for the sum of one hundred and seventy-two dollars, with interest from the maturity of said note; and on account of another note made and executed by the said Patrick, dated January 2, 1880, and payable to plaintiff, for the sum of four hundred and seventy dollars and fifty cents, and payable twelve months after date, with interest from the maturity of said note; and also on account of a certain duebill made and executed by the said Patrick, dated December 3, 1879, for six months' services and general repairs on the farm of the said Patrick performed and rendered by plaintiff of the value of five hundred dollars. That nothing has been paid on said notes or duebill by Catherine McKittrick, administratrix, or any other person, but that said debts remain wholly unpaid, and constitute a valid and subsisting charge and lien upon the estate of which the said Patrick died seised and possessed. That the personal estate of said Patrick McKittrick was wholly insufficient for the payment of his debts, and the plaintiffs prayed that all proper accounts might be taken, and that the real estate of which the said Patrick McKittrick died seised and possessed might be subjected to sale for the payment of his just debts and liabilities, and especially the aforesaid debt of plaintiff might be paid and satisfied out of the proceeds of said real estate; and for general relief, *etc.*

On the 25th day of February, 1885, in said cause of Daniel McKittrick against Catherine McKittrick, *et al.*, a decree was entered referring the same to Hugh L. Judge, one of the commissioners of the court, to make and state an account showing: (1) The nature and amount of the complainant's claims against the estate of Patrick McKittrick, deceased; (2) of what estate, real, personal, and mixed, the said Patrick died seised and possessed, and what disposition, if any, had been made of said personal

estate, and the claims against, and probable value of said real estate; (3) what are the liens upon said real estate, together with their amounts and priorities; (4) whether the rents, issues and profits of said real estate will pay the liens thereon within five years. In pursuance of this decree, said H. L. Judge, commissioner, made a report on the 16th day of August, 1886, finding seventeen dollars and one cent due C. A. Vintroux, two dollars and forty-four cents due Catherine McKittrick; that the claims of the plaintiff, Daniel McKittrick, amounting to one thousand three hundred and sixty dollars and fifty-five cents, are not sustained by the evidence before him, and refusing to allow the same; that said Patrick McKittrick died seised and possessed of three hundred and nineteen acres of land worth three thousand six hundred and seventy dollars, situated in said county of Putnam; that the personal property of the said Patrick McKittrick amounted to four hundred and thirty-three dollars and eighty-three cents, which had been duly administered by his administratrix, Catherine McKittrick, leaving due her from said the beforementioned account of two dollars and twenty-eight cents, the only lien on said real estate being a deed of trust dated the 14th day of March, 1883, conveying to Rufus Switzer, trustee, the three hundred and nineteen acre tract of land to secure to C. A. Vintroux five hundred and twenty-two dollars and seventy-three cents, which, with the accrued interest, amounted to six hundred and twenty-nine dollars and eighty-nine cents, and that the rents, issues, and profits of said real estate would not within five years discharge the indebtedness aforesaid. On the 3d of March, 1887, the case of Daniel McKittrick against Catherine McKittrick *et al.*, was heard upon the report of Commissioner H. L. Judge, and on the exceptions indorsed thereon. The court overruled said exceptions except as to one hundred and fifty dollars, as to which amount it found the plaintiff was entitled to a decree, and said report was confirmed in other respects, and the plaintiff was given judgment for said sum of one hundred and fifty dollars, with interest from the date of said decree, and directed that unless said sum was paid in thirty days from the rising of the court that said land, or so much as remains unsold, be sold by a special commissioner therein appointed, upon the

terms therein specified,—it appearing to the court from the answer of Rufus Switzer that one hundred acres of said land had been sold by him since the institution of this suit, (which answer is ordered to be filed in the papers of the cause.)

On the 3d day of March, 1888, the two causes of Daniel McKittrick against Catherine McKittrick *et al.*, and Ellen McDonald *et al.* against Catherine McKittrick, *et al.*, were consolidated, and it is recited in the decree rendered on that day in said consolidated causes that, it appearing that one hundred acres of the tract of land mentioned in both causes has been sold to pay off the note of O. A. Vintroux secured by deed of trust on said land, and that the judgment of the plaintiff in the first cause above named is a lien on the balance of said land, and that the plaintiffs in the second cause above named are entitled to have said tract of land sold (subject to the widow's dower), and the proceeds applied to the judgment aforesaid and costs of the first suit, and the balance of the proceeds arising from said sale distributed among the heirs at law of Patrick McKittrick, it was ordered that Rufus Switzer, special commissioner, do proceed to make the sale directed to be made by him in said first-entitled cause, and report the same to court. On the 26th day of September, 1888, a decree was rendered in said consolidated causes on the report of said Rufus Switzer, special commissioner, reporting the sale of the tract of land decreed to be sold in said causes, setting forth that the same had been sold to one J. M. White for one thousand one hundred and twenty dollars; that the said purchaser had paid cash $500, and executed his two notes for the balance, with security, *etc.*, which sale was approved and confirmed, and said commissioner was directed out of the money in his hands arising from said sale, to pay first the cost of said sale and consolidated suits, and the judgment rendered in favor of the plaintiff in the cause of Daniel McKittrick *et al.*, and directed said special commissioner, when the purchase money was paid, to execute a deed to said purchaser. On the 31st day of May, 1889, a decree was rendered in said causes directing a commissioner of said court to ascertain and report (1) who are the heirs of Patrick McKittrick, deceased; (2) in what proportion they are entitled to the distribution of the moneys arising from the sale of the

tract of land sold in said cause. On the 20th day of January, 1890, said commissioner reported that the evidence filed before him was utterly insufficient to enable him to make the report required by said decree, and at the request of counsel for the defendant, Catherine McKittrick, he reported that the taxes on the land of which Patrick McKittrick died seised and possessed, assessed thereon for the years 1885, 1886, 1887, and 1888, amounting in the aggregate to the sum of one hundred and twenty-eight dollars and thirty-four cents were paid by said Catherine McKittrick, and by a subsequent decree said last-named report was confirmed, and said special commissioner was directed to pay said Catherine McKittrick out of the funds in his hands the said sum of one hundred and twenty-eight dollars and thirty-four cents, with interest thereon from January 20, 1890, which aggregated the sum of one hundred and forty-one dollars and twenty-five cents at the date of said decree. Ellen McDonald excepted to said commissioner's report, so far as it found that Catherine McKittrick paid any of the taxes set out in said report, and so far as it found that the estate of Patrick McKittrick should be charged with said taxes, or any part thereof, or that she should receive payment of the same from said estate; which exceptions were overruled by said decree, and Ellen McDonald and others obtained this appeal.

The first error assigned and relied upon by the appellant is that the circuit court of Putnam county erred in consolidating and naming together the said chancery causes. Now, as we understand the practice in regard to the consolidation of causes it is a matter addressed to the sound discretion of the court that tries the causes. So in the case of *Beach* v. *Woodyard*, 5. W. Va. 231, this Court held that the rule for the consolidation of suits is alike in equity and at law, and the matter is always addressed to the discretion of the court. The proper mode for bringing the subject to the attention of the court is by motion for a rule to show cause why suits or actions should not be consolidated. Where the parties are the same, and separate suits have been brought in equity upon matters which might have been united in one suit, and the defense is the same in all, a consolidation rule ought to be granted, *etc*. In the case under consideration the object of both of the

suits, or at any rate the main object, was to subject the real estate of Patrick McKittrick to sale to pay off and satisfy his indebtedness. It is true, the first suit prayed for the sale of so much thereof as would pay off the liens existing against the same, and, if the surplus left was susceptible of partition, that the same be partitioned among the heirs at law of said Patrick; but, if not susceptible of partition, that it be sold, and the proceeds divided among said heirs. The suit brought by Daniel McKittrick prayed that all proper accounts be taken, and that the real estate of said Patrick be subjected to sale for the payment of his just debts and liabilities, and especially the debts claimed against said estate by the plaintiff. This plaintiff might with propriety have come into the first suit by petition, and made himself a party, and presented his claims in that suit; and, in my opinion, the court committed no error in requiring the said causes to be consolidated and heard together. The court would properly direct such consolidation to prevent the estate from being consumed in unnecessary costs.

The next assignment of error is that the court erred in the decree of March 3, 1887, in directing the sale of the land in said causes mentioned without setting aside to the widow, Catherine McKittrick, her dower in said land. An examination of the record discloses the fact that not only in the decree of March 3, 1887, but in the decree of March 3, 1888, after said causes were consolidated, said real estate of Patrick McKittrick was directed to be sold without first having assigned to the widow, Catherine McKittrick, her dower therein. This question was before this Court in the case of *Kilbreth* v. *Root's Adm'r*, 33 W. Va. 600 (11 S. E. 21), where it is held (point two of syllabus) that, "when the widow is a defendant in the suit, and has not elected to take the value of her dower in money, her dower should be assigned before an out and out sale of the realty is decreed." In that suit the main object of the bill was to enforce the lien of a decree against the real estate of Root, who was deceased. See, also, *Laidley* v. *Kline*, 8 W. Va. 218 (seventh point of syllabus), where the same is held.

The remaining assignments of error are as follows: "(3) The court erred in confirming the report of J. L. Mid-

dleton made in said consolidated cases. (4) It erred in finding that the estate of Patrick McKittrick was indebted to Catherine McKittrick in the sum of one hundred and forty-one dollars and twenty-five cents, and giving judgment for said amount. (5) It erred in overruling the exceptions made by the petitioners to the report of Commissioner Middleton filed on the 6th day of February, 1890." All of these assignments depend to a great extent upon the evidence which was before the commissioner, which has not been certified to this Court, and does not appear in the record. The cause must, however, be reversed and remanded for the reason that said land was sold without first assigning to Catherine McKittrick her dower therein, she not having in any manner signified her consent to take a gross sum in lieu of her dower therein. Reversed and remanded, with costs to appellees.

*Reversed.*