## STEVENS *v.* NIEMAN.

[No. 6,607. Filed February 19, 1909.]

LIMITATION OF ACTIONS.—*Recovery of Possession of Real Property.—Damages.*—Actions for the recovery of possession of real property and for damages for the detention thereof are governed by the twenty-year statute of limitations (§295 Burns 1908, cl. 6, §293 R. S. 1881).

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by Margaretha E. Nieman against Jacob Stevens. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John H. Russe* and *Thomas S. Cravens,* for appellant.

*Ira L. Miller, Givan & Givan* and *Warren N. Hauck,* for appellee.

COMSTOCK, P. J.—Appellee brought this action to recover possession of a certain lot in the city of Aurora, Indiana. The complaint complies with §1100 Burns 1908, §1054 R. S. 1881, and in addition sets out the history of plaintiff's title.

and alleges that the defendant, Jacob Stevens, is unlawfully in possession, claiming title to same by virtue of a certain forged deed. Judgment is prayed for possession of the real estate, and damages for unlawful detention.

Defendant answers in seven paragraphs, the first being a general denial, and the remaining six pleading the statute of limitations.

Plaintiff's several demurrer for want of facts was sustained to the second, third, fourth, fifth and seventh paragraphs, and overruled as to the sixth paragraph of answer. Appellee replied to the sixth by general denial. A trial by the court resulted in a judgment in favor of appellee for possession of the real estate in question, and for $50 damages for detention thereof.

The cause has been twice tried, both trials resulting in a judgment in favor of appellee. Appellant asked for and was granted a second trial as a matter of right.

Upon this appeal the only questions discussed are the rulings of the court in sustaining said demurrer to the second and fourth paragraphs of answer. The former pleaded the six-year, and the latter the fifteen-year, statute of limitations.

It is claimed by appellant that the action is brought to obtain relief from fraud, and that said statutes of limitation apply. The claim is not well founded. The action was clearly for the possession of real estate and damages for detention thereof. No other relief was sought or granted. The cause was so treated by the court and parties, and the second trial was upon that theory. It is governed by §295 Burns 1908, cl. 6, §293 R. S. 1881, which reads: "Upon contracts in writing other than those for payment of money, on judgments of courts of record, and for recovery of possession of real estate within twenty years." *Frakes* v. *Elliott* (1885), 102 Ind. 47.

Judgment affirmed,