## CHARLESTON.

NANNIE T. WOOD *v.* THE WEST VIRGINIA MORTGAGE & DISCOUNT CORPORATION

(No. 5365)

Submitted April 28, 1925. Decided May 5, 1925.

1. EQUITY—*In Equity Suit Special Replication is Not Proper, Except in Cases Provided by Statute, Where New Matter is Alleged in Answer Constituting Claim for Affirmative Relief.*

     In a suit in equity, a special replication is not proper, except in such cases as are provided for by statute, where new matter is alleged in an answer constituting a claim for affirmative relief. (p. 119).

     (Equity, 21 C. J. § 587).

2. MORTGAGES—*In Suit for Accounting of Plaintiff's Debt, Injunction Theretofore Awarded Restraining Sale of Land Under Deed of Trust to Secure Debt Should Not be Dissolved Until Amount of Debt is Ascertained.*

     In a suit brought pursuant to section 7 of chapter 96 of the Code, praying for a proper accounting of plaintiff's debt and the ascertainment of the lawful interest thereon, and where the bill and answer raise an issue of fact as to the correct amount of the debt, an injunction theretofore awarded, restraining a sale of real estate under a deed of trust executed by plaintiff to secure the debt, should not be dissolved until the amount of the debt is ascertained; the injunction authorized by the statute being ancillary to the main object of the suit. (p. 120).

     (Mortgages, 27 Cyc. p. 1458).

     NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Appeal from Circuit Court, Kanawha County.

Suit by Nannie T. Wood against the West Virginia Mort-

gage & Discount Corporation. From decree for defendant, dissolving injunction previously granted, plaintiff appeals.

*Reversed and remanded.*

*S. L. Flournoy* and *Murray Briggs,* for appellant.

*Davis & Painter,* and *Joe L. Silverstein,* for appellee.

Miller, Judge:

By her bill in equity plaintiff alleges that on May 23, 1922, she executed to defendant her negotiable note for the sum of $12,500.00, payable in one year, with interest at six per cent, and at the same time executed a deed of trust on certain real estate owned by her, to secure the payment of said note or any renewal thereof. She further alleges that in order to obtain the loan evidenced by said note, she was required to pay, in addition to the six per cent interest provided in the note, an advanced charge of ten per cent, which charge was deducted from the amount of the note, and that she received from defendant only the sum of $11,250.00. And it is also alleged that when the said note became due, May 23, 1923, plaintiff was unable to pay the same, and applied to defendant for a renewal of the loan, and was informed that to obtain such renewal she would be required to pay the accrued interest on the old note, amounting to $750.00, and a further ''advanced discount'' of $1,250.00; and that she paid to defendant the sum of $2,000.00, and executed her renewal note for $12,500.00. The second note was not paid at maturity, and the defendant directed the trustee in the deed of trust to advertise and sell the property pledged to secure the indebtedness of plaintiff. Plaintiff alleges that, ''the debt claimed by said West Virginia Mortgage and Discount Corporation against this plaintiff under said deed of trust, is grossly in excess of the legal rate of interest which may lawfully be charged for the loan of money in West Virginia, and is grossly usurious, and payment of such usurious debt cannot be enforced in said state over the plaintiff's protest and objection;'' and that, ''such sale, unless prevented, will result in irreparable loss and injury to the plaintiff.'' And plaintiff says she is entitled to have a proper accounting made of her debt to defendant, and to have a credit of the two items of $1,250.00 each taken as discount on said loan, so

that a proper principal may be found for the ascertainment of the proper lawful interest to ·be charged for the year ending May 23, 1923, and likewise, a proper principal for the calculation of interest from and after May 23, 1923, and "that when the correct amount of said debt shall be ascertained and purged of its usury the plaintiff will be ready to pay the same."

The prayer of the bill is that· defendant be enjoined from enforcing its usurious claim against plaintiff's property, and be required to give credit upon the same of all sums exacted by it over and above the lawful rate of interest; and that plaintiff may, upon the ascertainment of the correct amount of her debt, be given opportunity to pay the same.·

. Defendant demurred to and answered the bill. The answer admits the execution of the note and deed of trust by plaintiff as alleged by her; but alleges that plaintiff agreed in writing to pay an appraisal fee of $44.00, a recording fee of $1.75, an attorney's fee of $100.00, and a service charge of $1,000.00, and that defendant also expended the sum of $2.50 for revenue stamps on the note; and that defendant paid to plaintiff, in addition to the four smaller items amounting to $148.25, the sum of $11,351.75, making the sum actually paid to plaintiff or charged to her account, $11,500.00. And defendant offered to give credit upon plaintiff's debt to it, of all sums in excess of "the ·principal amount of $11,351.75 and interest thereon at the rate of six per cent per annum from the said 23rd day of May, 1922, and the items of expense paid out," the latter being the four items amounting to $148.25. Defendant's demand, at the time ·of the filing of its answer, was for $11,203.79. The answer prayed that the injunction theretofore awarded against ·defendant··be dissolved, and that plaintiff's bill be dismissed.

When the cause came on to be heard, on December 15, 1924, on plaintiff's bill and exhibits, and the answer of defendant, the lower ·court, upon consideration thereof, allowed plaintiff ten days in which to file her special replication in writing duly verified; and the matters arising on defendants motion to dissolve the injunction ·were continued until the filing of said replication. ·    · · ·

On January 24, 1925, defendant renewed its motion to dissolve the injunction; and plaintiff tendered a general replication to defendant's answer, which was objected to by defendant's counsel, on the ground that said replication was not a special replication as required by the former order of the court. The court sustained defendant's objection, and rejected plaintiff's general replication.

By the final order in the cause, the court found that defendant had purged itself of the usurious charges alleged in plaintiff's bill, and that defendant was entitled to recover the sum of $11,168.14, with interest at six per cent from that date until paid; and the injunction was dissolved except "in so far as it prohibits the sale of said property for any sum in excess of the said sum of $11,168.14, with interest from this date."

From the finding of the lower court, and the amount decreed to be due defendant on the note in question, it is evident that the court, upon the refusal of plaintiff to file a special replication, considered the facts alleged in defendant's answer to be true and calculated the interest due defendant on the principal sum as alleged by it, without taking into consideration the facts alleged by plaintiff as to the amount received by her at the time of the execution of her note, but allowed her a credit of the $2,000.00 paid at the time of the renewal thereof.

The question of law presented, upon which the determination of the correctness of the decree depends, is whether the court erred in rejecting plaintiff's general replication. In this we think the court was in error. It is true that where an answer sets up new matters constituting a claim for affirmative relief against the plaintiff, in the same manner and with like effect as if the same had been alleged in a cross-bill filed by him in the suit, the plaintiff, if he desires to controvert the relief prayed for in such answer, shall file a special reply in writing, denying such allegations of the answer as he does not admit to be true, and stating any facts constituting a defense thereto. Code, chapter 125, section 35.

But here the facts set up in the answer only constitute a denial of the correctness of the alleged facts pleaded in the

bill. Defendant admits the transactions alleged in the bill, with the exception of the amounts paid to, or charged to the account of plaintiff. The answer simply raises an issue of fact as to the amount of the debt. By her bill plaintiff alleges she owes a certain sum, with lawful interest. The effect of a special replication could be nothing more than to reaffirm the allegations of her bill. The only fact in issue between the parties is the original amount of the debt. A general replication would formally put that fact in issue. The bill claims certain credits on the debt. The answer in effect denies plaintiff's claim as to the amount of such credits. It introduces nothing new except facts tending to negative the charges made in the bill. No new matters calling for affirmative relief are pleaded in the answer. The matters alleged are defensive only. "Except in the special case provided for by statute, where the answer in the nature of a cross-bill seeks affirmative relief, no special replication can be filed." *Chalfants* v. *Martin*, 25 W. Va. 394. "The practice of filing a special replication to an answer is obsolete, except in such cases as are provided for in sections 36 and 57 of chapter 125 of the Code, where new matter is alleged in an answer constituting a claim for affirmative relief. In cases where no such new matter is alleged in the answer, the practice is to file an amended bill." *Elliot* v. *Trahern*, 35 W. Va. 634. Here there is nothing in the answer calling for amendment of the bill. The bill fully sets forth plaintiff's ground for relief. See, also, *Vanbibber* v. *Bierne*, 6 W. Va. 168; *Harrison* v. *Brewster*, 38 W. Va. 294; *Kilbreth* v. *Roots*, 33 W. Va. 600; and *Hager* v. *Melton*, 66 W. Va. 62, 71.

. Defendant argues that plaintiff's bill is a pure injunction bill, and that she should at all times be in readiness to meet a motion to dissolve. But is this suit one for injunction only? The bill is evidently based on section 7, chapter 96 of the Code, providing that: "Any borrower of money or other thing may exhibit a bill in equity against the lender. and compel him to discover upon oath the money or thing really lent, and all bargains, contracts, or shifts relative to such loan, and the interest or consideration of the same; and if it appears that more than lawful interest was reserved, the lender shall recover his principal money or other thing with

six per cent interest only, but shall recover no costs. If property has been conveyed to secure the payment of the debt, and a sale thereof is about to be made, or is apprehended, an injunction may be awarded to prevent such sale pending the suit.''

It may be true that where the answer denies all the material allegations on which the injunction is founded, and there is no proof of such allegations in addition to the affidavit of the bill, the injunction will be dissolved on the hearing. But here the answer does not deny plaintiff's right to relief. It in effect admits usury, and that plaintiff does not owe the principal sum named in the note. No allegation of the bill is denied except the amount of the original debt: and defendant attempts to fix its claim in a sum different from that alleged by plaintiff. Even if the four items amounting to $148.25 are proper charges against plaintiff, there is still a difference of more than one hundred dollars between the parties. And plaintiff alleges she is entitled to have an accounting made of her debt, and a proper principal ascertained. The statute authorizes a suit in equity to ascertain the amount of the debt, independently of relief by injunction. The injunction is ancillary to the main purpose of the suit, and is provided to preserve plaintiff's property where a sale thereof is threatened, until the amount of the debt can be ascertained. If the injunction were to be wholly dissolved, defendant might proceed to sell the property covered by the deed of trust, without plaintiff having an opportunity to prevent the same by payment of the true amount of her debt. In *Meyer* v. *Meyer*, 60 W. Va. 473, it was held that where it appears from a consideration of the pleadings, and affidavits or proofs if any, together with the circumstances of the case, that there is a strong presumption or a strong probability of the existence of plaintiff's equity, it is error to dissolve an ancillary injunction awarded to preserve the status quo of the subject matter of the litigation, in advance of a hearing on the merits; and that the exception to the general rule applies with peculiar force where no great hardship can come to the defendant by continuing the injunction, and great hardship will come to the plaintiff by its dissolution if his equity is finally established. And in *White* v. *Mechan-*

*ics Building Fund Association,* 22 Gratt. 233, the Virginia court held that, where it is necessary to ascertain the amount due from the debtor and for which the sale should be made, it is regarded as premature to dissolve an injunction restraining a sale, although the grounds upon which it was granted are insufficient or unsustained, and the injunction should be retained until such amount is ascertained.

Our conclusion is that the lower court erred in rejecting plaintiff's general replication and denying her opportunity to introduce evidence on the issue of fact made by the pleadings.

The decree will be reversed, and the cause remanded for further proceedings to be had therein.

*Reversed and remanded.*