CASE 107—EQUITY—October 11, 1881.

## Magruder v. Smith.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. A widow suing to recover dower in land alienated by her husband during his life-time is entitled to recover rents from the institution of her action.

2. She might, by amended petition, assert her claim to rents from the filing of her suit for dower.

3. If she dies, her personal representative may sue for and recover the value of her rents from the institution of her original action for dower.

J. F. BULLITT AND B. F. CAMP FOR APPELLANT.

1. The court erred in sustaining the demurrer to appellant's petition.

2. The appellant is entitled to recover rents from the 22d of December, 1867, to the time of his intestate's death.

3. If not that, she is entitled to recover rents from October, 1872, to the death of the intestate.

RODMAN & BROWN FOR APPELLEE.

1. The right to an action for rent does not exist, unless there is a final recovery of dower.    (Washburn on Real Prop., 230–233; 6 Met., 538; 19 Maine, 146; 14 Ills., 242; Gill v. Golden, 16 B. Mon., 554.)

2. The case relied upon by appellant in 2 Dana, 421, has been overruled in Bondurant v. Apperson, 4 Met., 32; Jameson v. Mosby, 4 Mon., 414; Phillips v. Alcorn, 4 J. J. Mar., 38; Craig v. McBride, 9 Mon. 9; 1 Otto, 248; 23 Wallace, 410.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The husband of Mrs. Magruder, in his life-time and during the marriage, conveyed a tract of land of which he was then seized to one Fetter, and by subsequent conveyances the appellee Smith became the owner.

Magruder v. Smith.

The widow, shortly after the death of her husband, in December, 1867, brought this action against the appellee Smith, in the Louisville chancery court, asking that her dower be assigned her, but made no claim in that action for rent. The claim was resisted by the appellee, and in October, 1868, the chancellor made an interlocutory order in which she was adjudged entitled to dower, and appointing commissioners to allot it.

A report was made of the allotment shortly thereafter, but was never confirmed, and in 1876 Mrs. Magruder died, and her death terminated her right to dower.

The present appellant, having qualified as her administrator, instituted the present action, in which the facts herein stated were specifically alleged, as well as her right at the institution of the action to dower in the land, and sought to recover from the vendee in possession (the appellee), against whom the action was instituted, the value of the rents of her dower interest from the institution of the action in 1867 until her death in 1876.

The present action was instituted in November, 1877. The court below dismissed the petition, and the sole question presented here is, is the personal representative of the widow entitled to recover the rents?

Under the statute of 1796 the widow, after the recovery of dower, was entitled, as against the party convicted of withholding it, to damages, "that is to say, the value of the whole dower to them belonging from the time of the death of their husbands." This statute applies alone to land of which the husband died seized, and not to land sold and conveyed by the husband prior to his death. In such cause neither a court of law or equity could award dam-

ages or afford the widow any relief for the detention of her dower. (Kendall v. Boney, 5 Monroe, page 282.)

The Revised and General Statutes have changed the common law rule as well as the statute of 1796 in regard to the claim of dower, and now the widow is entitled "to one third of the rents of her husband's dowable real estate from his death until dower is assigned." (See chap. 51, sec. 8, General Statutes.) This section applies to land of which the husband died seized, or to his dowable real estate. Section 9 of the same chapter provides: "Whether the recovery is against the heir or devisee, or purchaser from the husband, the wife shall be endowed according to the value of the estate when received by the heir, devisee, or purchaser, so as not to include in the estimated value any permanent improvements he has made on the land. Against the heir or devisee, or his alienee, *her claim for rent shall not exceed five years before action, and against the purchaser from the husband shall only be from commencement of action.* In either case it shall continue up to final recovery. *If, after action brought, the widow or tenant dies before recovery,* the rent may be recovered by her representative, and against his heirs, *devisees, and representatives.*"

The heir or devisee, or the alienee of either, who takes possession of the dowable real estate at the death of the husband, are made liable for the rent five years prior to the institution of the action for dower. They are not entitled to the exclusive use as against the widow; but as to the purchaser from the husband during his life-time, he is not only in the possession rightfully, but is entitled to the exclusive use and possession until the death of the husband, and until the assertion by the wife, by action, of her claim for dower. Therefore, the distinction made as to the liability for rent,

the heir, devisee, or alienee from them being liable for the rent for five years prior to the institution of the action for dower, and the purchaser from the husband for rent only from the time the action was instituted. The recovery alluded to is the recovery of her dower interest; for, as against the purchaser, she is not entitled to rent until she asks that dower be assigned, and this must be done by action so as to entitle her to rent. Such an action notifies the tenant or purchaser in possession of the character of her claim, and if he resists the recovery, he is liable for damages in the way of rent. It is not necessary there should be a recovery to entitle the widow to rent, but there must be an assertion of her right by action before she can recover it.

The statute expressly provides: "If, after action brought, the widow or tenant *dies before recovery, the rent may be recovered* by her representative, and against his heirs, devisees, and representative." This recovery is her dowable interest, and the plain meaning of the statute is, that if she has instituted her action for dower, and dies before recovery, her representative may recover rent. This right is given from the fact that if an action is instituted to recover dower, and the right of recovery exists, all the incidents to the claim follow the action. It is not required by the statute that the claim for rent shall be embraced in the action for dower. The widow's right to rent arises from the demand by an action for the recovery of her dower, and although incidental to dower, the rent may be recovered in an independent proceeding.

As in ejectment after recovery, an action for mesne profits may be maintained by a separate suit, and under our system of pleading it may be embraced in the original action for the land, or by a separate action, so of rent—the widow

may claim it in her original petition, or by an independent action, but must have sued to recover her dower before she is entitled to recover rent; and the fact of her death terminating her action for dower does not preclude her representative from recovering the rent, as the claim for rent in such a case passes, by reason of the statute, to him. (See Burr,. McGrew & Co. v. Woodson, 1 Bush, 603.)

The widow could have filed an amended petition at any time asserting her claim for rent, or if she had prosecuted the action to final recovery she might have instituted an independent action in order to recover rent. If the right to recover rent was with the widow when she instituted her action for dower, this right has never been lost, and passed to her personal representative. The cases relied on by counsel for the appellee (some of them) are founded on statutes similar to the act of 1796, making the right of the widow to recover damages depend on the recovery of dower. The case of Golden v. Hill, reported in 16 B. M., seems to have been considered without reference to the Revised Statutes, as it is there adjudged that the widow is not entitled to recover rents against a purchaser, even from the beginning of her action. In the case of Yancy v. Smith, 2 Met., this court, in passing on the question under the Revised Statutes, adjudged that the widow is entitled to rents against the purchaser from her husband from the time she commences her action, and it is manifest that the case of Golden v. Hill was determined without the attention of the court having been called to the section of the Revised Statutes fixing the time at which the right to rent began. The sections in the Revised and General Statutes are almost identical, the word *suit* being used in the Revised Statutes where the word *action* is found in the General Statutes. Neither

statute provides the manner in which the action for rent shall be brought, and it seems to us the principal question is, was the widow entitled to rent? If so, the right under the statute passed to her personal representative.

Her right to rent is unquestioned, and she has not waived that right by anything appearing in the record. The long pendency of the action is attributable, as is alleged in the reply, to the effort on the part of the parties litigant to compromise the claim, and this, if a shorter delay than the period of limitation could be regarded as an abandonment of the action, is a sufficient excuse for not prosecuting it with proper diligence. The right to dower in the widow being established, and she having instituted an action to recover it, the right to rent cannot be denied.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.