LYNDE, ADMINISTRATOR, RESPONDENT, *v.* WAKEFIELD,

APPELLANT.

[Submitted April 3, 1896.  Decided December 7, 1896.]

DOWER—*Abatement of Action—Rents and Profits.*—An action by a widow to recover a dower right and for the value of rents and profits, does not abate upon her death but survives to her legal representatives under section 22 of the Code of Civil Procedure (1887) providing that an action shall not abate by the death of a party but shall survive and be maintained by his representatives or successors in interest.

SAME—*Statute of Limitations.*—An action by a widow for an assignment of dower and to recover rents and profits is not within the general statutes of limitation of the Code of Civil Procedure of 1887.  (*Burt* v. *C. W. Cook Sheep Co.*, 10 Mont. 571, *Affirmed.*)

SAME—*Sheriff's Deed.*—A sheriff's deed to lands sold under a judgment against the husband conveys to the purchaser only the title of the husband and not the wife's inchoate right of dower.

SAME—*Quit-Claim Deed.*—A quit-claim deed executed by a judgment debtor after the sale of his land under on execution conveys merely the right of redemption and does not affect the wife's right of dower.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION for dower.   The cause was tried before DuBose, J., sitting in place of ARMSTRONG, J.   Plaintiff had judgment below.   Affirmed.

Statement of the case by the Justice delivering the opinion.

Leander M. Black in the year 1881 died in the county of Gallatin in this State.   During his lifetime he had been the owner in fee of a large amount of real estate, situated in the city of Bozeman in said county, and which real estate is described in the complaint in this action.   The said Leander M. Black left surviving him as his widow and relict Mary A. Black, the original plaintiff in this case.

It appears from the record that during the years 1876, 1877 and 1878 the real estate mentioned in the complaint as having been the property of said Leander M. Black, was attached in divers suits commenced against him by divers parties in the district court of Gallatin county; that judgments were obtained in said suits against said Black, and on the 22d day of January, 1879, all of said real estate was sold by the sheriff

of said county upon execution at public sale to one Geo. W. Wakefield, and a certificate of sale regularly given to said purchaser by the sheriff of said county; that said Wakefield assigned said certificate of purchase to one Joseph J. Davis, and by direction of said Wakefield the sheriff of said county on the 25th day of July, 1879, the time of redemption having expired, made to said Joseph J. Davis a deed conveying to him said lands; that afterwards by *mesne* conveyances the titles of said property were conveyed from Joseph J. Davis to the defendant Geo. W. Wakefield, who now claims to be the owner of said real estate. The record further shows that the real estate was sold by the sheriff, but before the sheriff had executed his deed to the purchaser thereof, the said Leander M. Black made a quit-claim deed embracing all of said property to one E. W. Toole. No attempt was ever made by anyone to redeem said lands or any part thereof at any time. It is not disputed that the defendant Wakefield is in possession of said real estate, and has been in such possession since his purchase at said sheriff sale. The complaint alleges the property to be of the value of $15,000, and its rental value to be $1,500 per annum.

On the 12th day of February, 1894, Mary A. Black filed her amended complaint in this suit, claiming her dower rights and interest in said real estate, and for the value of the rents and profits during the time she had been deforced of her dower by the defendant.

The case was tried to the court without a jury. Judgment was rendered by the court that Mary A. Black have and recover dower in the premises described in the complaint, and a commission was appointed to lay off and allot to her her dower in the premises. From the judgment and an order overruling a motion for a new trial, the defendant appeals.

After the appeal to this court, Mary A. Black, the respondent, died intestate, and on the 24th day of March, 1896, a motion was made to substitute T. J. Lynde, her administrator, as respondent in the cause and that the same proceed in his name.

*Luce & Luce* and *Toole & Wallace,* for Appellant.

*Smith & Word,* for Respondent.

PEMBERTON, C. J.—Counsel for the appellant object to the substitution of the administration of Mary A. Black, because, they contend, the entire cause of action abated by her death, and that the right to sue for and collect the rents and profits of the dower estate, which had accrued between the time Mary A. Black commenced her suit and her death, does not survive to her legal representative. This contention presents the first question for our consideration.

This cause was commenced under, and must be determined by, the provisions of § 22, page 63, Code Civil Procedure, Compiled Statutes 1887, which is as follows:

"An action, or cause of action, or defense, shall not abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, but shall, in all cases where a cause of action or defense arose in favor of such party prior to his death, marriage or other disability, or transfer of interest therein, survive, and be maintained by his representatives or successors in interest; and in case such action has not been begun or defense interposed, the action may be begun or defense set up, in the name of his representatives or successors in interest; and in case the action has been begun or defense set up, the courts shall, on motion, allow the action or proceeding to be continued by or against his representatives or successors in interest. In case of any transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

We are aware that at the common law, if the widow die before the damages in such cases are assessed, her personal representatives cannot claim or recover them. (§ 625, Story's Equity Jurisprudence, Vol. 1, 10th Ed.) This is so clear to our minds that we will not cite further authority, or further discuss the question.

But we think under our statute, and the great weight of authority, a different rule prevails in equity. Judge Story in the same section referred to above says:

"But a court of equity will, in such cases, entertain a bill for relief; and decree an account of rents and profits against the respective representatives of the several persons who may have been in possession of the estate since the death of the husband; provided, at the time of filing the bill, the legal right to damages is not gone."

And in § 626 following the same author says:

"Upon principle, there would not seem to be any real difficulty in maintaining the concurrent jurisdiction in courts of equity in all cases of dower; for a case can scarcely be supposed in which the widow may not want either a discovery of the title deeds, or of dowable lands; or some impediment to her recovery at law removed; or on account of *mesne* profits before the assignment of dower; or a more full ascertainment of the relative values of the dowable lands; and, for any of these purposes (independent of cases of accident, mistake or fraud, or other occasional equities) there seems to be a positive necessity for the assistance of a court of equity. And, if a court of equity has once a just possession of the cause in point of jurisdiction, there seems to be no reason why it should stop short of giving full relief, instead of turning the dowress round to her ultimate remedy at law, which is often dilatory, and always expensive. Dower is favored, as well in law as in equity."

In *Pollitt* v. *Kerr*, 49 N. J. Equity R. 65, the rule at law and in equity in such cases is ably discussed and the authorities collated. In that case the court says of the rule at law:

"The reason given for the rule is, that damages can only be given for the detention of the possession, and in writs of right, where the right itself is disputed, no damages are given, because no wrong is done until the right is determined. This is the rule at law. By force of it, it is clear that the petitioner, if he were in a court of law, would be without a right, and, consequently, without a remedy."

The court then continues:

"A somewhat more liberal rule in favor of the widow prevails in equity. The rule in equity I understand to be this: That where a widow files a bill in chancery for dower, and dies pending the suit, her personal representative may revive the suit and recover *mesne* profits. This is the rule that Lord Alvanley enforced in *Curtis* v. *Curtis*, 2 Brown Ch. C. 620. In that case a widow filed a bill for dower against her husband's brother. The defendant denied the fact of marriage. The court thereupon directed that the bill be retained until the widow established her right by a judgment at law. She then brought an action at law and had a recovery and then died. On a bill of revivor and supplement, Lord Alvanley held that the widow's personal representative was entitled to a decree for *mesne* profits. Park states the rule in equity as follows:

'We have seen that at law the widow loses her damages if the tenant dies after judgment, and before they are assessed, and, also, that if she herself dies before the damages are ascertained, her personal representative cannot claim them. But in equity, a different rule prevails, and the court will decree an account of rents and profits against the persons who have been in possession since the death of the husband, provided that at the time when the bill is filed the *legal right to damages was not gone.*' " (Park, Dow. 330.)

Judge Story states the rule in almost precisely the same words. (1 Story on Equity Jurisprudence, § 625.) "The instances in which the court has been called upon to apply the rule are but few in number, but in every instance, where it was applicable, that has come under my observation the rule has been enforced." To the same effect see *Magruder* v. *Smith*, 79 Ky. 512; *McLaughlin* v. *McLaughlin*, 20 N. J. E. R. 190; *Paul's Exs.* v. *Paul*, 36 Pa. St. 270; *Harper* v. *Archer*, *et. al.*, 28 Miss. 212; *Price* v. *Hobbs*, 47 Md. 359. We think it useless to cite further authority upon this question.

We are clearly of the opinion under our system of jurisprudence, where we have "but one form of civil action for

the enforcement or protection of private rights, and the redress or prevention of private wrongs which shall be same at law and in equity," (§ 1, Chap. I, Code Civil Procedure, Compiled Statutes 1887) and where law and equity are merged in the same tribunals, that the right to prosecute this suit for the collection of the rents and profits of the dower estate of Mary A. Black survives to her legal representative.

Counsel for appellant contend that if Mary A. Black was ever entitled to dower in the real estate mentioned in the complaint, her right thereto is barred by the statute of limitations.

The question as to whether a widow's dower is barred by the general statutes of limitations in this state was determined by this court in *Burt* v. *C. W. Cook Sheep Co.*, 10 Mont. 571, and in that case we held her right of action was not so barred. We think that case decisive of the question raised in the case at bar.

Counsel for appellant contend that the statute was not properly before the court in *Burt* v. *C. W. Cook Sheep Co.* This contention is not supported by any sufficient showing, for in that case the court not only held that it was raised, but said it had been argued "with great ability and research." And besides, we think *Burt* v. *C. W. Cook Sheep Co.* is in harmony with the best reasoning, and supported by the great weight of authority on the subject.

Counsel for appellant contend also that the widow is not entitled to dower in the lands described in the complaint, because, they say, the sheriff's deed to the lands conveyed the whole title, relieved of dower. In the ably written opinion on file in this cause of the Hon. Dudley DuBose, the judge who tried the case below, we find this language in reference to the effect of such a sale upon the widow's dower:

"The court is of the opinion that, under our statute, the only title the purchaser obtains at a sheriff's sale is the title of the husband and not the inchoate right of dower of the wife. This doctrine is laid down by the Supreme Court of New Jersey, and by the Supreme Courts of Illinois, Massa-

chusetts, Ohio, Missouri, Indiana, New York, Maryland; and by Kent, Scribner on Dower and Williams on Real Property, and many other cases.''

In *Harrison* v. *Eldridge*, 7 N. J. Law R. (2 Halsted) 408, the court in discussing the question as to whether a sale by the sheriff on a common law judgment will bar the widow of dower, says:

''It has been repeatedly determined that by such a proceeding the widow's claim will not be affected, and the doctrine of the law is conclusively settled upon that point.'' (§ 340 Code of Civil Procedure of Montana; *Barker* v. *Parker*, 17 Mass. 564; Vol. 4, Kent Com. page 45; I Scribner on Dower, page 603; Williams on Real Property 224; *Ayer* v. *Spring*, 10 Mass. 80; *Blain* v. *Harrison*, 11 Ill. 384; *Sumners* v. *Rabb*, 13 Ill. 483; *McClanahan* v. *Porter*, 10 Mo. 746; *Taylor* v. *Fowler*, 18 Ohio 567; 26 Am. Dec. 225 and note; 87 Am. Dec. 346; *Nance* v. *Hooper*, 11 Ala. 552; Herman on Executors, pages 359, 360 and 364; *Merchant's Bank* v. *Thompson*, 55 N. Y. 7; *Dunham* v. *Osborne* 1 Paige Chan. 634; Freeman on Executions, page 560, § 388; 22 Am. Dec. 710 and note; 51 Am. Dec. 470; *Dayton* v. *Corser*, 53 N. W. 717 (Minn.); *Vinson* v. *Gentry*, 21 S. W. 578 (Ky.); *House* v. *Towle*, 29 Pac. 890 (Or.); *Blevins* v. *Smith*, 16 S. W. 213; *Smith* v. *Rothchild*, 4 O. Cir. R. 544.)

The court below held that the quit claim deed executed by Black to E. W. Toole of the lands in question after the same had been sold by the sheriff, but before the sheriff's deed had been executed, amounted in effect to a sale of the right to redeem the land. We think this a correct view of the question. Black at the date of the quit claim deed only had the right of redemption. He could sell no more than he had. There was no redemption by Toole, and consequently he never acquired any title to the land.

We think the contention that Black's deed to Toole conveyed the whole title to the lands relieved of dower, because Mary A. Black was not residing in the state at the time is without foundation, especially as Toole, by failing to redeem never acquired any title to the land.

We have considered all the questions presented by the record in this case. We are of the opinion that the only serious question involved is as to whether the right to collect rents and profits survived to Mrs. Black's representative upon her death.

Having disposed of that question against the appellant we are of the opinion that the other assignments of error are without merit, although we have treated some of them at considerable length. T. J. Lynde, administrator of Mary A. Black, deceased, will be substituted for Mary A. Black as respondent and the suit will proceed in his name. The judgment and order appealed from are affirmed.

The cause, however, is remanded with instructions to the court below to take such proceedings as are authorized by law and proper to ascertain the value of the rents and profits of the dower estate from the time of the commencement of the suit by Mary A. Black to her death, and that when the value of such rents and profits has been ascertained, judgment be entered for the amount with costs in favor of the legal representative of said Mary A. Black.

*Affirmed.*

DeWitt, J., and Hunt, J., concur.