DAHLMAN, APPELLANT, *v.* DAHLMAN ET AL., RESPONDENTS.

(No. 1,593.)

(Submitted June 1, 1903.  Decided June 15, 1903.)

*Descent and Distribution—Rights of Widow—Heir of Husband—Dower—Election—Merger.*

28  373
e28  380
28  373
36  519

The wife's right to dower or election under Sections 228 and 236 (Civil Code), are separate from her rights as an heir of her husband under Section 1852, and hence the fact that she participated in the distribution of the estate as an heir of her husband does not constitute a waiver of the right of election to take one-half of the residue after payment of debts, under Section 236.

*Appeal from District Court, Jefferson County; M. H. Parker, Judge.*

ACTION by Anna Dahlman against Emil Dahlman and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

## STATEMENT OF THE CASE.

This proceeding was instituted by the plaintiff, the widow of Henry Dahlman, deceased, under Section 3070-3081 of the Code of Civil Procedure, for the purpose of having allotted to her dower in the estate of her husband in accordance with the provisions of Sections 228-244 of the Civil Code, relating to dower. Upon the pleadings filed in the district court, which consist of a complaint, answer, and replication, no issues of fact arise. That court, after consideration of the material facts therein alleged and admitted, rendered and caused to be entered a judgment in favor of the defendants, holding, in effect, that the widow, under the facts stated, cannot claim one-half of the entire estate of her deceased husband by right of succession under Section 1852 of the Civil Code, and at the same time have the benefit of dower, or her election in lieu thereof, as provided in Section 236 of the same Code.

The facts necessary to an understanding of the controversy are the following: Henry Dahlman died intestate in Jefferson county on February 15, 1899, leaving surviving him his widow, the plaintiff, and his father and mother, the defendants. There were no children nor grandchildren. The plaintiff was appointed administratrix, and, after qualifying, proceeded to the discharge of her duties. The estate consisted of a large amount of real and personal property. A portion of the real estate was

in mines, which, at the death of the intestate, were, and since that time have been, paying dividends. The fund accumulated from that source amounts to $4,664.14 now in the hands of the administratrix. . After stating these facts, the complaint alleges: That the plaintiff has not assigned, waived, nor relinquished, nor in any manner abandoned, her dower in the said lands, or her interest in the rents, issues, and profits thereof; that her interest therein has not been assigned or set over to her; that she is entitled to and demands and elects to take one-half of the said lands, with the rents, issues, and profits thereof accruing since the death of her husband, absolutely and in her own right, subject to the payment of the debts of the estate, as provided in Section 236 of the Civil Code, without prejudice to her rights as heir of her husband in the residue of the estate; and that the plaintiff has demanded of the defendants that her interest in the said lands and the accrued rents, issues, and profits thereof be set over to her, but that the defendants have refused her said demands, or to give their consent that the court having jurisdiction of the administration of the estate may accord to her her rights in the premises. It is admitted that there has been a partial distribution of the estate, and that the plaintiff shared therein, taking a one-half interest in the portion distributed by virtue of her right as heir of her husband.

As before stated, upon these facts the court held that by virtue of her participation in the distribution of the estate as heir of her husband she thereby waived her right of election to take one-half of the residue of the estate as dower under the provisions of Section 236 of the Civil Code, *supra*. From the judgment rendered, the plaintiff has appealed.

*Messrs. Walsh & Newman,* for Appellant.

*Mr. George F. Cowan,* and *Mr. A. J. Craven,* for Respondents.

· MR. CHIEF JUSTICE BRANTLY, after making the foregoing statement, delivered the opinion of the court.

The only question submitted to this court for decision is whether, when the husband dies intestate, without children or grandchildren living surviving his widow and one or both parents, the widow is entitled to one-half of the estate under the statute relating to succession, in addition to her right of dower, or election in lieu thereof, under Section 236 of the Civil Code, *supra*. The solution of this question depends upon a construction of Sections 228, 236, and 1852, *supra,* in the light of other provisions of the Code touching the subjects to which these sections relate. These provisions are the following:

"Sec. 228. A widow shall be endowed of the third part of all lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form. When a wife joins with her husband in the execution of any conveyance of land, she thereby relinquishes her inchoate right, and shall not thereafter have dower therein, except in case of sale under mortgage signed and executed by herself and husband she shall have a right of dower in the surplus. Equitable estates shall be subject to the widow's dower, and all real estate of every description, contracted for by the husband during his lifetime, the title to which may be completed after his decease."

"Sec. 236. If a husband die, leaving a widow, but no children, nor descendants of children, such widow may, if she elect, have, in lieu of her dower in the estate of which her husband died seized, whether the same shall have been assigned or not, absolutely and in her own right, as if she were sole, one-half of all the real estate which shall remain after the payment of all just debts and claims against the deceased husband: provided, that, in case dower in such estate shall have been already assigned, she shall make such new election within two months after being notified of the payment of such claims and debts."

"Sec. 1852. When any person having title to any estate not limited by marriage contract, dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this Code and the Code of Civil

Procedure, subject to the payment of his debts, in the following manner: \* \* \* (2) If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the other to the decedent's father and mother in equal shares, and if either be dead, the whole of said half goes to the other. \* \*"

It will be observed that Chapter III, Title I, Part III, Division 1, of the Code of which Sections 228 and 236 are a part, treats exclusively of the obligations, rights, and duties of the husband and wife, including the dower rights of the wife. The express provision of Section 228 is that she shall be endowed of the third part of all lands wherein her husband was seized of an estate of inheritance at any time during the marriage, including equitable and all other estates in land of whatever description. This provision is without restriction or limitation. It attaches to all lands falling within the description, unless the wife shall have relinquished her right in legal form. This may be done only by her deed executed and duly acknowledged in conformity with the law, or by the acceptance by her of a devise or bequest under the will of her husband under Section 234, or by a jointure settled upon her, with her assent, by her husband, before the marriage, under the provisions of Sections 239 and 240. Title VII, Part IV, Division II, of which Section 1852 forms a part, deals exclusively with the subject of succession, and neither has nor purports to have anything to do with the rights, duties, and obligations of the husband and wife. The aims and purposes had in view by the legislature in enacting these different parts of the Code and the specific provisions therein are wholly separate and distinct from each other. The former recognizes the common-law right of dower. At the same time it extends this right to estates to which it did not attach at the common law, and enlarges the wife's right by the election granted to her under Section 236. By this provision she has the absolute right to take in fee, in lieu of the common-law dower, one-half of all the real estate, subject to the payment of debts lawfully due from the estate. This estate falls to her, not as heir, or by will of her husband, but by virtue of her marital

right, and without regard to the law relating to the rights of heirs, or to any will made by the husband. After the right has become fixed by the death of the husband, she can assert it despite the rights of creditors, heirs, or any person whomsoever; and the only restriction upon the right of election granted under Section 236 is that there be no children or grandchildren, and that, in case she chooses the second alternative, the rights of the creditors must first be satisfied. The provisions of Title VII, referred to, have to do with the rights of heirs only, and the course of succession to property where the owner dies without a will. This title grants to the widow the right of succession, and this right given to her rests upon exactly the same ground as that of any other heir. Nor does any provision therein impose, directly or by implication, any condition or restriction upon the right of dower. The two rights, though conferred by statute, rest upon different principles, and exist independently of each other; and the right of election given the widow under the circumstances contemplated by Section 236 has no connection with the right to take as heir one-half of the residue of the estate, real and personal, after the claims of creditors are satisfied. It is true that when the fee to her portion in lands has vested in her under the right of succession, the dower right in such property is *pro tanto* merged in the fee; but this in no wise affects her right to dower in the residue of the estate. This descends to the heirs subject to her rights, and, though she falls within the class of those who, under the statute, are denominated "heirs," this does not affect her rights conferred by the provisions of other sections which have no connection whatever with the law of succession. It follows that the district court was in error in holding as it did.

The judgment is reversed, and the cause is remanded, with directions to proceed according to the views herein expressed.