WIGHT ET AL., RESPONDENTS, v. DOLENTY, APPELLANT.

(No. 3,713.)

(Submitted November 27, 1916. Decided January 15, 1917.)

[162 Pac. 387.]

*Attorneys—Contract of Employment—Fees—Liability of Executors and Administrators.*

Attorneys—Services—Liability of Executors and Administrators.
    1.  As a general rule, the personal representative of an estate is individually liable for services performed by attorneys for its benefit, at his special instance and request.

Same—Fees—Liability of Estate—Evidence—Insufficiency.
    2.  Conceding (but not deciding) that by special agreement between an attorney and the personal representative of an estate, individual liability of the latter may be obviated, *held* that in an action to recover attorneys' fees from the executrix of an estate, the evidence was insufficient to show such an agreement.

    [As to rights and duties of counsel with respect to decedents' estates, see note in **Ann. Cas. 1913D,** 654.]

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Ira T. Wight and Chas. E. Pew against Isabel Dolenty, executrix of W. B. Dolenty, deceased. Judgment for plaintiffs and defendant appeals. Affirmed.

*Mr. H. G. McIntire,* for Appellant, submitted a brief and argued the cause orally.

The only question presented is whether, under the facts of the case, she can be held individually liable for the value of said services. It is not disputed that the authorities, both of this state and of most of the other states, hold, generally speaking, that services performed by attorneys for the benefit of an estate, at the instance and request of the personal representative, are individual obligations of the personal representative, and not primarily a claim against the estate. The authorities so holding are collated in the footnote to *Brown* v. *Quinton,* 80 Kan. 44,

On the question of liability of estate to attorney employed by personal representative, see note in **25 L. R. A. (n. s.)** 72.

18 Ann. Cas. 290, 25 L. R. A. (n. s.) 71, 72, 102 Pac. 242. But we do contend that this rule is not inflexible, and that by agreement between the attorneys and the personal representative, this individual liability may be obviated, and that in the instant case such result was achieved.

"Executors are liable personally upon contracts which they attempt to make in their official capacity when they cannot bind the estate, unless they specifically contract against a personal liability." (2 Paige on Contracts, sec. 995; *Lawson* v. *Cobban,* 38 Mont. 138, 99 Pac. 128; see, also, *First Nat. Bank* v. *Collins,* 17 Mont. 433, 437, 52 Am. St. Rep. 695, 43 Pac. 499; *State ex rel. Kelly* v. *Second Judicial Dist. Court,* 25 Mont. 33, 37, 63 Pac. 717; *New* v. *Nicoll,* 73 N. Y. 127, 29 Am. Rep. 111; *In re Kasson's Estate,* 119 Cal. 489, 51 Pac. 706; *In re Kruger's Estate,* 143 Cal. 141, 76 Pac. 891; *Briggs* v. *Breen,* 123 Cal. 657, 56 Pac. 633, 886; 2 Woerner's American Law of Administration, sec. 356; and cases cited in note 5.)

. *Mr. Henry C. Smith* and *Mr. Geo. W. Padbury, Jr.,* for Respondents, submitted a brief; *Mr. Chas. E. Pew,* appearing *pro se* argued the cause orally.

The executor or administrator is personally responsible for all debts contracted for attorneys' fees. (*First Nat. Bank* v. *Collins,* 17 Mont. 433, 52 Am. St. Rep. 695, 43 Pac. 499; *State ex rel. Kelly* v. *Second Judicial Dist. Court,* 25 Mont. 33, 63 Pac. 717; *Briggs* v. *Breen,* 123 Cal. 657, 56 Pac. 633, 886; *In re Kruger's Estate,* 143 Cal. 141, 76 Pac. 891.)

A contract, void merely because of lack of authority in one of the parties to make it, cannot be set up to prevent a recovery of compensation for lawful services lawfully rendered. In such a case the party rendering services is entitled to recover their reasonable value. (2 R. C. L. 1046.)

Whatever the provisions of a contract of hiring, it is well settled that the attorneys can, upon being discharged, immediately sue for and recover either the contract price or the reasonable value of their services. (*Carter* v. *Baldwin,* 95 Cal.

475, 30 Pac. 595; *Sessions* v. *Warwick*, 46 Wash. 165, 89 Pac. 482; *Webster* v. *Rhodes*, 49 Colo. 203, 112 Pac. 324; *Union Surety & G. Co.* v. *Tenney*, 200 Ill. 349, 65 N. E. 688; *Webb* v. *Trescony*, 76 Cal. 621, 18 Pac. 796; *McFarland* v. *Welch*, 48 Mont. 196, 136 Pac. 394; 4 Cyc. 984 (c).) Under the state of facts shown by the record, the only person who could be sued by respondents is appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiffs are attorneys, and the defendant is the executrix of the last will of W. B. Dolenty, deceased. This action was brought to recover a balance alleged to be due for professional services rendered in connection with the administration of the Dolenty estate and for expenses incurred in the performance of such services. It is admitted that plaintiffs performed the services at the special instance and request of the defendant, but it is alleged "that it was understood and agreed between the plaintiffs and herself that the plaintiffs should look to, and be paid for, their said services by the said estate of W. B. Dolenty, deceased, and not by the defendant individually." This allegation was traversed by the reply. The plaintiffs prevailed in the trial court, and defendant appealed.

In his brief, counsel for appellant states that: "The only question presented is whether, under the facts of the case, she [appellant] can be held individually liable for the value of said services." Counsel concedes that it is the general rule that for [1] services performed by attorneys for the benefit of an estate, at the special instance and request of the personal representative of the estate, such personal representative is individually [2] liable; but it is insisted that the rule is not inflexible, and that by agreement between the attorneys and the personal representative, individual liability may be obviated, and that in the instant case such result was achieved.

We shall not stop to determine whether it was necessary for defendant to allege that the agreement pleaded was founded

upon an adequate consideration, or whether the parties by such an agreement could bind the Dolenty estate to pay for the services rendered. For the purposes of these appeals only, we may assume that a valid contract was pleaded. The plaintiffs made out a *prima facie* case, and the burden was upon the defendant to show that the special agreement relied upon was actually entered into.

The defendant's own testimony fails altogether to sustain the allegation of her pleading. The evidence to which our attention is directed by appellant's brief, when considered in the light most favorable to defendant, does not go further than to indicate that the parties did agree that defendant should advance money to plaintiffs from time to time, and that plaintiffs should wait for any balance due them until the conclusion of the administration; but this is not the agreement pleaded, and proof of this agreement does not tend to prove that the agreement relied upon in the answer was ever in the contemplation of the parties at any time.

Because of defendant's failure to prove the existence of the agreement pleaded, the action of the trial court in withdrawing the special defense from the jury meets with our approval. The judgment and order denying a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.