MATHEWS, RESPONDENT, *v.* MARSDEN ET AL., DEFENDANTS;
THOMPSON, APPELLANT.

(No. 5,543.)

(Submitted October 24, 1924.  Decided November 15, 1924.)

[230 Pac. 775.]

*Dower—"Widow"—Remarriage—Effect on Right to Dower—
Debts of Decedent—Appeal and Error.*

Trial—Striking Portion of Answer—When Harmless Error.
1.  Striking of a portion of the answer in an equity action, if
error, *held* nonprejudicial where the matters alleged in the stricken
portion were fully covered by the evidence and the record showed
that the court in making its findings considered that testimony.

Dower—Favored by the Law.
2.  The right of dower, by which provision is made for the sup-
port of the widow out of the lands of her husband and which,
inchoate during the life of the latter, becomes complete upon his
death, is protected jealously by the law.

Same—Remarriage of Widow No Bar.
3.  *Held*, that the remarriage of a widow did not deprive her
of the right to elect to take a one-half interest in the estate of
her deceased husband, under section 5821, Revised Codes of 1921,
in lieu of dower granted by section 5813, the word "widow" as
used in those sections referring to the person and not to her
then state or condition.

Same—What Debts not Debts Against Deceased.
4.  Administrator's fees, attorney's fees and taxes on the estate
for the current year remaining unpaid are not "just debts and
claims against the deceased husband," within the meaning of
section 5821, Revised Codes of 1921, which must be paid before
the widow is entitled to have one-half of the real property of
which the husband died seised, set aside to her in lieu of dower.

Equity—Decree More Favorable to Appellant Than Respondent—Ap-
peal and Error.
5.  Where, in an equity case, the judgment was more favorable
to appellant than to respondent, the former was in no position to
complain that the findings were not in accordance with the decree.

*Appeal from District Court, Beaverhead County; Jos. C.
Smith, Judge.*

SUIT by Julia A. Mathews against Mrs. W. P. Marsden and
others.  Judgment for plaintiff and defendant Henry Thomp-
son appeals.  Affirmed.

2.  Right of common-law wife to dower, see note in Ann. Cas. 1912A,
78.
Widow's right of dower, see note in 27 L. R. A. 340.

*Mr. T. E. Gilbert, Mr. Jos. R. Wine* and *Mr. R. Lee Word,* for Appellant, submitted a brief; *Mr. Word* argued the cause orally.

The motion to strike paragraph 3 of the answer was in effect a demurrer and is subject to the same general rules. The matter stricken must be irrelevant, redundant and sham or the court erred in sustaining the motion. (*Kraner* v. *Halsey,* 82 Cal. 209, 22 Pac. 1137; *Spargur* v. *Heard,* 90 Cal. 221, 27 Pac. 198.) An answer is sham when it is good in form but false in fact, and not pleaded in good faith. (*Piercy* v. *Sabin,* 10 Cal. 22, 29, 70 Am. Dec. 692; *McDonald* v. *Pincus,* 13 Mont. 83, 32 Pac. 283.) The matters and facts stated in paragraph 3 of the answer of the appellant are true and so cannot possibly be labeled sham.

The section of our Code on which the claims asserted by respondent in this action rest is 5821. It appears from this section that the right or privilege given by it is to the widow; it is the right to elect in lieu of dower, that is to say, "in place of," "instead of," dower, an absolute right to one-half of all the real estate that shall remain after the payment of all the debts against the estate. If the widow does not elect so to do, she takes nothing under the statute. The right to elect is a personal right and if she has ceased to be the widow of her husband, as by a remarriage, her right to elect is gone and she is remitted to such interests in the estate as are cast upon her by operation of law. A widow is defined as: "One whose husband is dead and who remains unmarried." (Worcester's Dictionary.) "A woman whose husband is dead and who has not married again." (Webster's New International Dictionary; Black's Law Dictionary; *Kern's Appeal,* 120 Pa. St. 523, 14 Atl. 435.)

Respondent was not Peat's widow when on March 9, 1922, she sought to elect in lieu of dower, for she then was, and for a year and nine months had been, the wife of Victor Mathews. Having remarried before she claimed her right to elect her

right to elect was gone. (*Kern's Appeal, supra; Eaton* v.
*McCarty,* 34 Idaho, 747, 202 Pac. 603.)

*Messrs. Norris, Hurd & Rhoades,* and *Mr. John Collins,* for
Respondent, submitted a brief; *Mr. Collins* argued the cause
orally.

Citing on the principal question submitted: *Chrisman* v.
*Linderman,* 202 Mo. 614, 119 Am. St. Rep. 822, 10 L. R. A.
(n. s.) 1205, 100 S. W. 1090; *Lynde* v. *Wakefield,* 19 Mont. 23,
47 Pac. 5; *Cline* v. *Kennedy,* 108 Kan. 595, 196 Pac. 237;
*Ralston* v. *Thornton,* 36 Ga. 546; *Dahlman* v. *Dahlman,* 28
Mont. 373, 72 Pac. 748; *Tyler* v. *Tyler,* 50 Mont. 65, 144 Pac.
1090; *Rosenow* v. *Miller,* 63 Mont. 451, 207 Pac. 618.

HONORABLE FRANK P. LEIPER, District Judge, sitting
in place of MR. JUSTICE HOLLOWAY, disqualified, de-
livered the opinion of the court.

This action was instituted for the purpose of having set
aside to respondent, in lieu of dower, one-half of all of the real
estate of which John A. Peat died seised, together with one-
half of the rents, issues and profits thereof, as provided by
section 5821, Revised Codes of 1921. The appellant Henry
Thompson alone answered. It is admitted by the pleadings
that respondent and John A. Peat intermarried in 1904 and
were husband and wife at the time of Peat's death which oc-
curred in July, 1919; that there were no children nor grand-
children; that at the time of Peat's death, his heirs were his
mother and the respondent; that thereafter Peat's mother
died, leaving as heirs her husband, the appellant, and three sis-
ters, who are the other defendants herein; that at the time of
his death Peat was the owner of the real estate described in
the complaint, that none of said estate has been sold or
transferred, and that respondent is the administratrix of his
estate; that respondent demanded of the defendants that the
one-half of the real property, together with the rents and

profits thereof, be set aside to her, and that such demand was refused.

The complaint further alleges that "all just debts and claims against the said John A. Peat, deceased, have been fully paid and discharged," and "that the administratrix has received as the net rents, issues and profits of the real estate amounting to $8,066.27 and that other net rents and profits will accrue from such real estate." These allegations are denied. The complaint further alleges: "(9) That no distribution has been made of the estate of said John A. Peat, deceased, and that the plaintiff has not assigned, waived, nor relinquished, nor in any manner abandoned, her dower in said lands, nor her interest in the accrued rents, issues and profits thereof, and that neither plaintiff's dower interest nor her interest as an heir of John A. Peat, deceased, has ever been assigned or set over to her, and that she is entitled to elect, and demands and elects, to take one-half of the lands above set forth and described in lieu of dower, together with one-half of the rents, issues and profits thereof, accruing since the death of her husband, and absolutely and in her own right subject to the payment of such charges as may be properly assessed against the same, and without prejudice to her rights as heir of her husband in the residue of said estate." The answer admits that no distribution has been made and denies the other allegations of paragraph 9.

Trial was had to the court without a jury. The only witness who testified was respondent. The trial court made findings favorable to respondent, and judgment was entered thereon. This appeal is from the judgment.

The several specifications of error may be summarized as follows: First, that the court erred in granting respondent's motion to strike a portion of appellant's answer; second, that when respondent became the wife of Mathews she ceased to be the "widow" of Peat and, not being Peat's widow, she is precluded from taking any of Peat's property under the provisions of section 5821, Revised Codes of 1921; third, that this

action may not be maintained for the reason that the evidence discloses that all of the debts of the estate have not been paid; and fourth, that the findings of fact are not warranted by the evidence; that the court's conclusions are contrary to the law, and that the judgment is unwarranted. Of these in their order:

1. Appellant in his answer alleges, by way of affirmative [1] defense, the following: ''That thereafter and on June 11, 1920, the said plaintiff herein married one Victor Mathews, and ever since the said eleventh day of June, A. D. 1920, has been and now is the wife of said Victor Mathews, and resides and lives with said Victor Mathews, as his wife; that by reason of the marriage of this plaintiff, on June 11, 1920, with the said Victor Mathews this plaintiff ceased to be the widow of said John A. Peat, deceased, and became a member of the family of Victor Mathews; that, while the said plaintiff herein remained the widow of said John A. Peat, deceased, she did not demand or elect or give any notice of her intention to elect or exercise any right provided in section 5821 of the Revised Codes of Montana, 1921, and no assumed or pretended right of election provided in said section 5821 was ever asserted or claimed or made by plaintiff herein until on or about March 10, 1922, and that, by reason of the failure of this plaintiff to assert said claim under the provisions of said section 5821, Revised Codes of Montana, 1921, and make her election thereunder, while she remained the widow of said John A. Peat, deceased, said plaintiff has waived, relinquished and abandoned any and all rights she had or possessed under said section 5821, Revised Codes of Montana, 1921; and that said plaintiff should not now be heard to assert or claim any right whatsoever, under the provisions of section 5821, Revised Codes of Montana, 1921.''

Upon the motion of respondent this portion of the answer was stricken. From the transcript it appears, however, that counsel for appellant in the cross-examination of respondent elicited testimony which shows that respondent was married to

one Victor Mathews in June, 1920, and ever since has been and now is his wife, and that respondent did not elect to take under the provisions of section 5821, Revised Codes of 1921, until March, 1922; in short, the transcript discloses that testimony was introduced without objection which covered fully every allegation contained in that part of the complaint which was stricken. And, further, it clearly appears that the court considered such testimony in arriving at its findings and in entering the judgment herein, so that appellant may not be heard to complain, for he is in the same position as he would have been had such motion been denied.

2. In considering this matter it is well to bear in mind that [2] the law is very jealous in the protection of dower and kindred statutory rights of widows. As is aptly said in the case of *Chrisman* v. *Linderman,* 202 Mo. 614, 119 Am. St. Rep. 822, 10 L. R. A. (n. s.) 1205, 100 S. W. 1090: "Dower being a cherished and immediate jewel of the common law, preserved for and presented to us in a statutory setting, all doubts are to be resolved in its favor; courts will not allow the right of dower to be wasted and frittered away in piecemeal by sour or austere construction, by overnice refinement in gloss. In short, nothing except a plain mandate of the statute, or a statutory command deduced by necessary implication, will suffice to set dower to one side. And this is so because dower, as seen above, keepeth excellent company in the law, to-wit, the company of life and liberty (the three abiding together in favor). So that the law lifts the light of a comfortable countenance thereon out of tender regard for the widow."

Dower is defined as being "the provision which the law makes for a widow out of the lands or tenements of her husband for her support and the nurture of her children." (Black's Law Dictionary; 19 C. J. 457; 9 R. C. L. 561.)

Section 5813, Revised Codes of 1921, provides: "A widow shall be endowed of the third part of all lands whereof her husband was seized of an estate of inheritance at any time

during the marriage, unless the same shall have been relinquished in legal form. When a wife joins with her husband in the execution of any conveyance of land, she thereby relinquishes her inchoate right, and shall not thereafter have dower therein, except that in case of sale under mortgage signed and executed by herself and husband she shall have a right of dower in the surplus. Equitable estates shall be subject to the widow's dower, and all real estate of every description, contracted for by the husband during his lifetime, the title to which may be completed after his decease.''

While not expressly admitted, yet it is tacitly conceded by appellant that respondent is entitled to a one-third interest in the real estate of which her husband died seised, as provided by section 5813, *supra.* Dower is an inchoate interest which becomes complete upon the death of the husband. (*Lynde* v. *Wakefield,* 19 Mont. 23, 47 Pac. 5; 19 C. J. 493–530; *Rosenow* v. *Miller,* 63 Mont. 451, 207 Pac. 618; 9 R. C. L. 583–593.)

Upon the death of Peat the respondent's inchoate right to a one-third interest in all of the lands, of which Peat died seised, became consummate. She had the right to demand that it be assigned to her. In so far as this interest is concerned it is conceded that she has not divested herself of any part thereof. This court in the case of *Dahlman* v. *Dahlman,* 28 Mont. 373, 72 Pac. 748, says: ''The express provision of section 228 [5813, Rev. Codes 1921] is that she shall be endowed of the third part of all lands wherein her husband was seized of an estate of inheritance at any time during the marriage, including equitable and all other estates in land of whatever description. This provision is without restriction or limitation. It attaches to all lands falling within the description, unless the wife shall have relinquished her right in legal form. This may be done only by her deed executed and duly acknowledged in conformity with the law, or by the acceptance by her of a devise or bequest under the will of her husband under section 234 [5819, Rev. Codes 1921], or by a jointure settled upon her, with her assent, by her husband, before the

marriage, under the provisions of sections 239 and 240 [5824, 5825, Rev. Codes 1921]."

The respondent has elected to take under the provisions of [3] section 5821, which are: "If a husband die, leaving a widow, but no children, nor descendants of children, such widow may, if she elect, have, in lieu of her dower in the estate of which her husband died seized, whether the same shall have been assigned or not, absolutely and in her own right, as if she were sole, one-half of all the real estate which shall remain after the payment of all just debts and claims against the deceased husband; provided, that, in case dower in such estate shall have been already assigned, she shall make such new election within two months after being notified of the payment of such claims and debts."

Peat died, leaving surviving him respondent, who was then his wife, but "no children, nor descendants of children," and dower had not been assigned when this action was commenced. This court in the *Dahlman Case, supra,* referring to the provisions of sections 5813 and 5821, *supra,* said: "The former [section 5813] recognizes the common-law right of dower. At the same time it extends this right to estates to which it did not attach at the common law, and enlarges the wife's right by the election granted to her under section 236 [5821]. By this provision she has the absolute right to take in fee, in lieu of the common-law dower, one-half of all the real estate, subject to the payment of debts lawfully due from the estate. This estate falls to her, not as heir, or by will of her husband, but by virtue of her marital right, and without regard to the law relating to the rights of heirs, or to any will made by the husband. After the right has become fixed by the death of the husband, she can assert it despite the rights of creditors, heirs, or any person whomsoever, and the only restriction upon the right of election granted under section 236 [5821] is that there be no children or grandchildren, and that, in case she chooses the second alternative, the rights of the creditors must first be satisfied."

The word "widow" is used in both sections 5813 and 5821. Under the former, the inchoate interest becomes instantaneously a completed one upon the husband's death, while under the provisions of the latter, and subject to its limitations, she must do some act, namely, make her election. Had it been the purpose of the legislature to have used the word "widow" in a narrower or more restricted sense in section 5813 than in section 5821, it would doubtless have said so. We think that the word "widow," as used in both of these sections of our Codes, refers to the person and not to her state or condition, whether she remains a widow or marries again. We are of the opinion that it was not the purpose of our legislature to penalize a widow in case of her remarriage, and such would be the result if the construction of the word "widow" contended for by the appellant were adopted.

The New York court, in *Ray's Estate,* 13 Misc. Rep. 480, 35 N. Y. Supp. 481, among other things says: "A woman, though the wife of another, is still the widow of her former husband; though married to another woman, the husband is still the widower of his former wife, and, this being so, both come, not only within the language of the law, but within its just and reasonable construction. The law invests them with the name of 'husband' or 'wife' or 'widow' for certain legal purposes, and under these names, although the designation may not come within the definition of the dictionary, property may vest in them, whether it comes to them by legacy or otherwise. Notwithstanding the definitions of the words 'wife,' 'widow,' and 'husband,' we apprehend it is not our duty to accept them in place of the statutes of this state, which make use of these words, whether correctly or not, to designate persons entitled to certain legal rights. The words 'wife,' 'widow,' and 'husband' have obtained a legal use and significance in the settlement of estates which may not correspond to the technical definition of the lexicographers, but it is the duty of courts to give that effect to these words which long use and custom have sanctioned." (See *O'Malley* v. *O'Malley,*

46 Mont. 549, Ann. Cas. 1914B, 662, 129 Pac. 501; *Tyler* v.
*Tyler,* 50 Mont. 65, 144 Pac. 1090; 8 Words & Phrases, p. 7457,
''Widow.'')

3. The uncontradicted evidence shows that all of the claims
[4] against Peat's estate and all of the debts contracted by
the deceased husband have been paid in full. The court so
found, and not only is the finding amply supported by the
evidence, but there is not one scintilla of evidence which would
warrant any different finding.

The evidence does disclose that a part of the administra-
trix's fees, also a part of the attorney's fees and some taxes
for the current year, remain unpaid, but none of these are
''just debts and claims against the deceased husband.'' (*State*
*ex rel. Eisenhauer* v. *District Court,* 54 Mont. 172, 168 Pac.
522; *Wight* v. *Dolenty,* 53 Mont. 168, 162 Pac. 387; sec. 10195,
Rev. Codes 1921; *In re McLure's Estate,* 68 Mont. 556, 220
Pac. 527; *Dodson* v. *Nevitt,* 5 Mont. 518, 6 Pac. 358; *Garver*
*et ux. (Pacoe, Intervener)* v. *Thoman et ux.,* 15 Ariz. 38, 135
Pac. 724; *Dahlman* v. *Dahlman, supra.*)

After all of the just debts and claims against the estate of
the deceased husband had been paid, the respondent was en-
titled to have set aside to her one-half of the real property of
which the husband died seised, together with one-half of the
net profits thereof. (*Dahlman* v. *Dahlman, supra; Lynde* v.
*Wakefield, supra;* section 5821, *supra;* see note, 39 Am. St.
Rep. 38; 9 R. C. L. 611; 19 C. J. 594 (sec. 413).

4. The further contention is made that the findings cannot
[5] be reconciled with the decree, in that the findings are
not in accord with the decree. This is true, but it must be
kept in mind that the respondent is not complaining of either
the findings of fact or the conclusions of law or the judgment.
The findings are warranted by the evidence, and the conclu-
sions are justified by the findings; but an examination of the
findings and conclusions reveals that both are very much more
favorable to the respondent than is the judgment. To illus-
trate: In conclusion No. 2 it is recited, in substance, that the

respondent is entitled to receive one-half of the net profits from the real estate involved, which up to and including January 21, 1923, is $328.47; and also is entitled to receive one-half of all net rents, issues and profits coming from such real estate between January 31, 1923, and the time when the estate is distributed. But paragraph 3 of the judgment recites: "That said plaintiff further have and recover from said administratrix one-half of the net rents, issues and profits of said lands on hand January 31, 1923, to-wit, the sum of $164.23, together with one-half of the net rents, issues and profits thereof that have since said date accrued or that may accrue before the date of final distribution in said estate; said net rents, issues and profits to be determined at the close of said administration by adding to the sum of $328.47 all rents, issues and profits derived, or to be derived between January 31, 1923, and the date of final distribution, and deducting therefrom the remaining costs of administration, taxes, insurance, repairs and costs of maintenance and upkeep upon said lands accruing between January 31, 1923, and the date of final distribution." The appellant, being benefited rather than injured, by reason of the provisions of the judgment, is not in position to complain.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.