SWARTZ, Appellant, *v.* SMOLE, Respondent.

(No. 6,836.)

(Submitted November 6, 1931.  Decided November 28, 1931.)

[5 Pac. (2d) 566.]

*Mr. J. Miller Smith, Mr. Paul W. Smith* and *Mr. David R. Smith,* for Appellant.

*Mr. George W. Padbury, Jr.,* for Respondents.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Lizzie McMaster Aiken married Anton H. Swartz in 1924. On May 27, 1927, Swartz made a will in which, without mention of his wife, he left all of his property to his sister; he died within ten days. The will was duly admitted to probate, without objection on the part of the widow, and the party therein named as executor was appointed and qualified; the inventory filed shows the property of the estate to consist of $276.58 and real estate appraised at $850.

The widow applied for a "family allowance" and was allowed $50 per month; but $100 was paid her during the succeeding fourteen months. In September, 1927, the widow filed what is designated her "renunciation of the will" and claim for dower. No action was taken with respect to the widow's dower; instead, the executor secured an order of sale of the real estate to pay the debts of the estate, amounting to $691.10, and costs of administration, estimated at $170.

The property was noticed for sale at public auction and counsel for plaintiff state in their brief that the widow "was represented at the sale and notified the purchaser, defendant, that plaintiff was not selling the widow's dower and claimed it"; but we find nothing in the record to that effect. Defendant Anton Smole purchased the property, consisting of a house and certain lots situated in the town of East Helena, on his bid of $1,200; the sale was confirmed and deed issued.

The widow petitioned for the payment to her of $600, past-due allowance, out of the proceeds of the sale; this petition was ignored and the executor paid all claims against the estate and, apparently, having a balance on hand of $100, paid it over to the widow. The widow then made demand upon

Smole for her dower interest in the property, which demand was ignored, whereupon she commenced action against Anton Smole, Frances Smole, his wife, and his tenant in possession, James Ellensworth, to compel the assignment to her of a one-third interest in the property and the rents, issues and profits thereof, as her dower.

By answer the defendants admitted most of the allegations of the complaint, but alleged that the plaintiff did not within time or at all "renounce her right to take under the will and elect to stand on her right of dower," and that the time for such election has long since expired. It is then alleged that it was necessary to sell the property in order to pay the debts of decedent, expenses of last sickness and burial, and costs of administration, and that, having done so, the executor paid the "residue of the estate" over to this plaintiff, who knew, at the time she accepted it, that it was money paid into the estate by Anton Smole.

The cause being at issue, it was submitted to the court on an agreed statement of facts "in addition to the facts admitted in the pleadings." The files in the probate proceeding were made exhibits in the case. On the record as presented, the trial court found generally in favor of the defendants and ordered judgment entered dismissing the action. Plaintiff has appealed from the judgment.

In support of the judgment counsel for defendants makes but two assertions: First, that dower should attach only to the surplus which may remain after the debts and costs are paid; and second, that by her conduct plaintiff is estopped from "ascertaining her dower right in the residue of the estate."

As to the first proposition counsel says such has been the holding "in a number of states, notably Pennsylvania"; he cites only Pennsylvania cases antedating 1860. As to the second he states, "We submit that the question is too elementary to require authority in support thereof." Counsel may be right in his last-quoted statement if his first proposition can be upheld under the laws of this state.

However, the Pennsylvania holding is based upon the law of that state, to which no reference is made in the decision, under which, since 1693, the debts of an estate constitute a lien upon the real estate, which, up to 1909, existed for five years after the death of the decedent, and a widow has but a statutory right which "is not like dower at common law." (*Gourley* v. *Kinley,* 66 Pa. 270.)

Under the title "Dower," the Pennsylvania law declares that the widow's right attaches to the property "remaining after payment of all just debts and legal charges." (See Brightly's Purdon's Digest, 631.) It is therefore apparent that the Pennsylvania rule has no application to dower at common law or in states wherein that right is not modified by statute.

The general rule is that the rights of the husband's creditors are subordinate to the widow's claim of dower, unless on debts constituting a special charge upon the land before coverture, or at the time of the acquisition of the land and as a part of the same transaction (19 C. J. 491), and the insolvency of the husband's estate does not affect the widow's right of dower, unless otherwise provided by statute (Id., 492).

The right of dower, since its adoption in early Anglo-Saxon times, has always been highly esteemed in the law, as a means of providing for the sustenance of the widow and the education of minor children. "Lord Bacon said, as early as 1641 that there was then 'the common byword in the law that the law favored three things, (1) life (2) liberty, (3) dower' "; consequently, courts should be ever vigilant in watching over the widow's interests. (9 R. C. L. 563; *Mathews* v. *Marsden,* 71 Mont. 502, 230 Pac. 775; *Shepherd & Pierson Co.* v. *Baker,* 81 Mont. 185, 262 Pac. 887.)

The common-law right of dower is preserved in this state by section 5813, Revised Codes 1921, which declares: "A widow shall be endowed of the third part of all lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relin-

quished in legal form. \* \* \* '' (*Dahlman* v. *Dahlman*, 28 Mont. 373, 72 Pac. 748.)

The widow is required to ''renounce'' benefits under a will ██ and elect to take her dower interest, only when the will contains a devise or bequest to her. (Sec. 5819, Id.; *Smoot* v. *Heyser's Exr.*, 113 Ky. 81, 67 S. W. 21; *Sperry* v. *Swiger*, 54 W. Va. 283, 46 S. E. 125.) The only provision in our law respecting the payment of debts against the estate as affecting the rights of the widow is that found in section 5821, Id., giving a widow, without issue, the right to elect to take one-half of the real estate that shall remain after the payment of all debts of the estate, in lieu, or ''instead of,'' dower (*Mathews* v. *Marsden,* above); consequently, the existence of debts against the estate which cannot be satisfied from the personal property of the estate does not affect the dower right of the widow, which is superior to the claims of creditors. (*Steele* v. *Steele's Admr.*, 64 Ala. 438, 38 Am. St. Rep. 15; *Mason County Justices* v. *Lee,* 1 T. B. Mon. (Ky.) 247; *Hawley & King* v. *James,* 5 Paige (N. Y.), 318.)

There is no element of ''estoppel'' in the record. Here the ██ widow was not mentioned in the will; but she nevertheless ''renounced'' under the will and made it plain by her declaration filed that she stood upon her common-law and statutory right to be endowed in the real estate of which her husband died seized. The $200 which she received from the executor has no bearing on this right; it was merely a part payment on overdue ''family allowance'' for her maintenance pending final distribution of the estate (sec. 10144, Rev. Codes 1921; *In re Trepp's Estate,* 71 Mont. 154, 227 Pac. 1005), and it is immaterial that it may have been known to the widow that a portion of the money paid to her came from the executor's sale of the real estate.

The duty of assigning the widow's dower rested upon those ██ in possession of, or having the next estate of freehold or inheritance in, the real estate, and, this duty being not performed within a reasonable time after the death of her husband, she was entitled to sue such parties for its recovery

and for damages to the extent of one-third of the "annual value of the mere profits of the land," computed from the date of her demand upon the purchaser at the executor's sale. (Secs. 10158–10169, Rev. Codes 1921.)

The question as to whether or not this plaintiff notified prospective purchasers at the executor's sale that she claimed her dower in the property, as stated by her counsel, is immaterial; if notice was necessary to prevent the passing of full title to the property, the disclosure in the probate proceedings that Swartz left a widow imparted such notice. (*Motley* v. *Motley*, 53 Neb. 375, 68 Am. St. Rep. 608, 73 N. W. 738.)

During his lifetime the husband could not, without the assent of the wife evidenced as required by statute, prejudice his wife's right to dower; nor could it be done by judgment recovered against, or confessed by, him (sec. 5828, Rev. Codes 1921; *Shaw* v. *McNamara & Marlow*, 85 Mont. 389, 278 Pac. 836), and where, as in this state, the claims against the estate do not constitute a lien against the property of the estate and the right of dower is not affected by the insolvency of the estate and is to be assigned without regard to the condition of the estate, the personal representative of the deceased stands in no better position with reference to the real estate.

A sale by an executor is simply inoperative so far as the widow's dower is concerned, and the purchaser takes title subject to the dower right, which must be assigned against the purchaser. (*Livingston* v. *Cochran*, 33 Ark. 294; *Shell* v. *Young*, 78 Ark. 479, 95 S. W. 798; *Orchard* v. *Wright etc. Co.*, 225 Mo. 414, 20 Ann. Cas. 1072, 125 S. W. 486; *Sip* v. *Lawback*, 17 N. J. L. 442; *Elliott* v. *Frakes*, 90 Ind. 389; *McKittrick* v. *McKittrick*, 43 W. Va. 117, 27 S. E. 303.)

Under the agreed statements of facts, the rental value of the property under consideration is $10 per month; the plaintiff made written demand upon the purchaser on December "17 and 18, 1928," but it is agreed that "if the plaintiff prevails, the only rental considered shall be * * * $10 * * * per month * * * from the date of the confirmation of the sale," which was November 12, 1927. Under sec-

tion 10168, Revised Codes 1921, the widow is entitled to recover only from the date of demand.

The judgment is reversed, and the cause remanded to the district court of Lewis and Clark county with direction to enter judgment in favor of plaintiff and against defendant Anton Smole for the one-third of the agreed rental from December 18, 1928, to date of judgment, and assign the plaintiff's dower in accordance with the law.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.